CHARLES L. HARTSHORN *vs.* COUNTY OF WORCESTER.
WILLIAM ROSS *vs.* SAME.
FRANCIS W. HIGGINS *vs.* SAME.

At a trial upon a petition to the Superior Court for a jury to assess the damages caused the petitioner's land by the laying out of a highway, an exception was taken by the respondent to the admission of certain evidence of damage caused by a change of grade at a place where the highway was laid out over an existing street. The petition alleged that a new highway was laid out over the street, and that the petitioner's land extended to the centre of that street; these allegations were admitted, or not denied, in the answer. From the record and bill of exceptions in this court it did not appear whether the former street was or was not a public highway, but it did appear that the petitioner's deed conveyed a title to the outer line of the highway only. Upon an objection taken at the argument in this court that the petition was improperly brought, as no part of the petitioner's land had been taken: *Held,* that the court would presume that at the trial the petitioner, by prescription, by possession, or in some other manner, had established a title to some land within the limits of the highway.

In the assessment of damage caused by the laying out of a highway at a grade below the level of the petitioner's adjoining house and land, the cost of cutting down the land and of building a basement under the house, with a door, and an interior ascent in the house, is an admissible element, if such alterations are found to be the most reasonable and economical means of restoring the estate to its former value.

The damage to be recovered upon the laying out of a highway below the level of the petitioner's adjoining house and land is not confined simply to the injury caused to the right of lateral support for the soil exclusive of the building, but includes all the damage to the property.

PETITIONS to the Superior Court for juries to assess damages alleged to have been caused to the petitioners' estates by the laying out of a highway in Worcester.

Each petition alleged that the petitioner was seised in fee of a parcel of land with a dwelling-house thereon, situate in Worcester, "on the southerly side of Chandler Street, and extending to the central line thereof;" that certain persons petitioned the county commissioners "that the new highway" "which termi-

nates on or near said Chandler Street should be thence extended and laid out over said Chandler Street; " that the county commissioners adjudged that the prayer of the petitioners should be granted, " and that said new highway terminating at said Chandler Street should be extended and laid out over said Chandler Street easterly to Main Street, and that said Chandler Street be widened and altered " " so as to make the width of said street fifty feet; " that the commissioners laid out, widened and altered the grade of the street; that the petitioners' lands were injured by the cutting down of the grade, and that the commissioners assessed to them no damages.

The answers admitted " the making of the decree laying out, widening and altering Chandler Street," and alleged ignorance as to the petitioners' ownership of the lands, and as to whether they had sustained any damages, but alleged that they had received great benefits, and that those benefits should be allowed by way of set-off.

At the trial before *Lord*, J., it appeared that the petitioners were the owners of lots of land, each with a dwelling-house on it, on the south side of Chandler Street, a street running east and west; that the county commissioners, March 16, 1871, laid out a highway over the street, widening it on the north side, making the south line of the street the south line of the highway, and establishing the grade of the highway in front of the petitioners' estates six feet lower than the former grade of Chandler Street.

It appeared by the petitioners' deeds that the north lines of their lots constituted the south line of Chandler Street.

The fronts of the dwelling-houses were ten feet from the south line of the street.

The petitioners were permitted to prove, against the objection of the respondent, (by witnesses competent to give their opinions, and who had examined the premises and made estimates,) how much it would cost to cut down the petitioners' lots and build brick basements under the houses, with doors, the ascent to the houses to be within the walls, and that this would be a reasonable, proper and economical use of the estates, and that it

would be necessary to do this, in order that the estates should conform to the new grade; " but the jury was instructed that unless this was found by them to be the most reasonable, judicious and economical means to restore the estates to a condition in which they would be as valuable as before, such evidence was not to be considered by them ; and the evidence was admitted upon the ruling of the presiding justice, that it was admitted under such limitation, and that such instruction would be given to the jury in relation to it."

The jury assessed damages in each case, and the respondent alleged exceptions.

*H. B. Staples,* (*F. P. Goulding* with him,) for the petitioner Hartshorn.

*F. M. Sprague,* for the petitioners Ross and Higgins.

*T. L. Nelson,* for the respondent.

COLT, J. It was insisted at the argument that no damages could be assessed in these proceedings, because no part of the petitioners' lands were taken for the highway which was laid out over Chandler Street by the county commissioners. But each petition for a jury alleges, and the answer thereto admits, that the county commissioners laid out a new highway over Chandler Street. Each petition also alleges that the petitioner's title extended to the central line of Chandler Street, and the allegations are neither admitted nor denied in the anwers. There is nothing in the record or the bill of exceptions to show that Chandler Street was already a public highway. And although it is stated in the exceptions that it appeared by the petitioners' deeds that the north lines of their lots were the south line of Chandler Street, yet in the absence of any more distinct statement as to the petitioners' alleged title to the centre of the street, we cannot infer that they had not by prescription, by possession or by some other deeds established a title to some part of the land taken for the new highway, so that they were parties aggrieved within the statute. The point does not appear to have been made at the trial and is not open upon the exceptions. *State Lunatic Hospital v. County of Worcester,* 1 Met. 437.

Estimates of the cost of proposed changes in the buildings and in the grade of the petitioners' lands were properly admitted in evidence accompanied with and qualified by the instruction that such estimates were not to be considered unless the changes proposed were found to be the most reasonable and economical means to restore the value of the estates. It was a safe mode of ascertaining the actual damage, and was competent as affecting the alleged benefits to these estates. *Plympton* v. *Woburn*, 11 Gray, 415. *Patterson* v. *Boston*, 20 Pick. 159. Nor are the petitioners limited to the injury to their rights of lateral support, excluding the injury to their buildings. The rule which prevails in actions at common law between adjoining proprietors does not apply to this proceeding under the statute, which includes all damages to the owner's property. *Foley* v. *Wyeth*, 2 Allen, 131.

*Exceptions overruled.*