SAMUEL K. BUELL *vs.* COUNTY OF WORCESTER.

Worcester.    Oct. 7, 1875. — Jan. 7, 1876.    AMES & LORD, JJ., absent.

At the trial upon a petition to the Superior Court, for a jury to assess the damages caused to the petitioner's estate by raising the grade of a highway, it appeared that the petitioner, in anticipation of the change of grade, had built foundation walls to a height of about six feet above the old grade, and that the new grade was established two or three feet higher than the petitioner anticipated. The petitioner was then permitted, against the respondent's objection, to introduce evidence in relation to putting the property in the same position relatively as before, and the expense thereof. The judge admitted the evidence subject to instructions that that would be a mode of determining the damages, provided that would be the course which a prudent man would adopt in relation to property in that condition, provided such expenditures were the most economical way of diminishing the damages caused by the change of grade; that it was for the jury to decide what course a prudent man would adopt in relation to such property after the location and change of grade; and that the damages awarded the petitioner were in no event to exceed the amount of the diminution in the value of the petitioner's property owing to the laying out of the street and the change of the grade. *Held*, that the evidence was rightly admitted, and that the instructions were correct.

PETITION to the Superior Court, for a jury to assess damages alleged to have been caused to the petitioner's land by the laying out of a highway in Worcester.

At the trial before *Dewey*, J., it appeared that the highway in question was laid out by the county commissioners on March 16, 1871, and that the laying out consisted in widening a former way, called Chandler Street, about ten feet, and raising the grade thereof at various points, among others, opposite the premises of the petitioner about seven feet.

The petitioner's premises consisted of thirty thousand feet of land upon the southerly side of old Chandler Street and on the westerly side of Bellevue Street, and the lot was nearly rectangular. Early in 1870 the lot was low and swampy, with a

brook passing through it from north to south, which also passed under Chandler Street, but there was a mound of hard land near the southeast corner of the lot. The relation of the lot to the former highway, before any work under the new laying out had been done upon it, was, that it was lower than the grade of the old street, and the land descended from the sides of both Bellevue Street and Chandler Street. By the laying out in question, about fifty feet in area of the petitioner's land was taken, and, the new street being extended farther north than the old one, a strip of about one hundred and fifty feet in area was left outside the new street adjacent to the petitioner's land.

The petitioner offered evidence tending to show that he bargained for the land in January, 1870, and in February and March, 1870, began digging upon it; that he cut down the mound and used it for grading up the rest of the lot, east of the brook; that he graded that part of the lot so as to make it quite solid ground; that the deepest filling was ten feet; that he dug trenches near the east side of the lot, for the foundation walls of a factory. The respondent objected to this evidence, but it was admitted by the court for the purpose of showing the condition of the land at the time of laying out of the street, and for no other purpose. The petitioner also offered in evidence that he constructed in 1870, near the east side of said lot and about twenty feet from the southerly line of said Chandler Street, as laid out by the county commissioners, the stone foundation walls of a building intended by him for a factory. This wall was raised to a height averaging about six feet above the old grade of Chandler Street, at a point opposite the wall itself, and was raised to that height in order that it might conform to and be available with the anticipated new grade of Chandler Street; but the new grade of Chandler Street was actually raised about a foot higher than the top of said foundation walls.

The petitioner contended and offered evidence tending to show that the new grade of Chandler Street was established two or three feet higher than he anticipated when he built said walls; that the premises east of the brook, constituting three fourths of the entire lot, could be put relatively in the same position as before the alteration of the street, by raising the walls and grading up the lot east of the brook to correspond with the raised walls;

that this would require the walls to be raised three and six tenths feet, and the lot in the same proportion, and the part of the lot between the wall and Chandler Street to the present level of the street; that this plan would require the construction of retaining walls; that another method would be to raise the walls as before, construct a driveway from Bellevue Street on the south side of the lot, put in a retaining wall on Bellevue Street, and to grade from the building to the present level of Chandler Street; that the expense of the first method would be about $4200, and the expense of the latter method about $2100.

The respondent objected to all this evidence in relation to putting the property in the same position, relatively, as before, and the expense thereof, as incompetent, but the judge admitted the same for the purposes, and subject to the restrictions stated in the instructions to the jury. At the time of the laying out, the walls had been completed, and no work was ever done on them and no building ever erected on them afterwards.

The judge instructed the jury as follows: " Much evidence has been introduced of the expense of putting the property, relatively, in the position it was before, or as near as it could be placed. This is proper for your consideration, and would be a mode of determining the damages, provided that would be the course which a prudent man would adopt in relation to property in that condition and situation, provided such expenditures were the most economical way of diminishing the damages caused by the change of grade. It is for you to decide what course a prudent man would adopt in relation to such property after the location and change of grade. The damages awarded the petitioner are in no event to exceed the amount of the diminution in the value of the plaintiff's property, owing to the laying out of the street and the change of the grade." The jury assessed damages at $2450; and the respondent alleged exceptions.

*H. B. Staples*, for the respondent.

*G. F. Verry*, for the petitioner.

COLT, J. The petitioner claimed damages occasioned by a change of grade in the street. He was entitled to recover the diminution in value occasioned to his property in the condition it was when the change was made from a lower to a higher grade. Upon that question, and as one of the steps in determining it

the jury might consider what expenses a prudent man would reasonably incur in putting the property, with reference to the new grade, in as good condition as it was before, being limited in their verdict to compensation for the diminished value of the property. This excludes a recovery for particular improvements in the estate, or changes unreasonably made, or not necessary to put the property in as good condition as before. The rule has been frequently applied in cases of this description and in analogous cases. *Foster* v. *Boston,* 22 Pick. 33. *Plympton* v. *Woburn,* 11 Gray, 415. *Chase* v. *Worcester,* 108 Mass. 60. *Hartshorn* v. *County of Worcester,* 113 Mass. 111. *Bates* v. *Ray,* 102 Mass. 458.

There is nothing in the condition of the property which should vary the rule, or which calls for the exclusion of the evidence offered. The petitioner had the right to construct the foundation of his building so as to meet the anticipated change of grade. If the change brought the street higher than he anticipated, it is difficult to see why the respondent has suffered less than if his foundations had been adapted to the still lower grade of the old street. The petitioner had the right to use and increase the profitable capacity of his estate. And his purpose seems to have been to diminish rather than increase his claim for damages.

*Exceptions overruled.*