BOSTON BELTING COMPANY *vs.* CITY OF BOSTON.

Middlesex.   March 18, 1890. — October 24, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Riparian Rights — Taking by Eminent Domain — Compensation.*

Under the St. of 1874, c. 196, authorizing the city of Boston, for the purpose of surface drainage, to remove obstructions in and over Stony Brook, and to alter and deepen its channel, and providing for compensation to any person injured in his property thereby, a mill-owner upon the stream, who for more than twenty years has enjoyed the constant flow of its waters as regulated by natural obstructions in the channel and upon its banks, and by culverts under highways and railroads, is entitled to compensation for a diminution of the flow during certain months of the year caused by removing the obstructions and enlarging the culverts.

PETITION, under the St. of 1874, c. 196, for a jury to assess the damages caused by changes made by the respondent in the channel of Stony Brook. In the Superior Court, a demurrer to the petition was sustained, and the petition dismissed; and the petitioner appealed to this court. The material facts appear in the opinion.

*Samuel Hoar*, for the petitioner.

*A. J. Bailey*, for the respondent.

W. ALLEN, J.   The St. of 1874, c. 196, authorized the city of Boston, for the purpose of surface drainage, to remove obstructions in or over Stony Brook, in Boston, and to alter the course and deepen the channel of the brook, and, for more effectually making said improvements, to take or purchase land on either side of the channel, or any channel into which said water might be diverted; and provided that any person injured in his property by any of the acts done by the city under the statute should have compensation therefor. It also provided that the expenses incurred in making the improvement might be assessed upon the estates bordering upon the brook, as it was before or should be after the improvement, in proportion to the benefit received thereby.

The petition alleges that the petitioner had been, for more than twenty years before the year 1880, the owner of a mill

site and privilege and land on both sides of said brook, used by the petitioner for manufacturing purposes; that it needed for its business a constant and abundant supply of water throughout the year; and that the brook during that time furnished a constant supply of water throughout each year sufficient for such manufacture. The petition further alleges, that the respondent, beginning in the year 1880, removed obstructions in and over the brook, and altered the course and grade of the brook, and straightened and widened and deepened and walled in the channel of it above the mill and property of the petitioner, and thereby " caused the natural flow of the waters of said brook through said land of the petitioner to be materially and greatly diminished during certain months in each year, and deprived the petitioner at its said mill and manufactory of the use of the natural flow of the waters of said brook, and caused during the greater part of each year a great scarcity of water at said petitioner's mill and manufactory, to the great interruption and injury of the business of said petitioner."

The case between these parties, reported in 149 Mass. 44, was an action of tort by this petitioner to recover damages for the acts here complained of. The court say, at page 47 : " No negligence is shown in the manner of performing this work. It was done under the authority of and in accordance with the statute. It was impossible to carry out the object of the statute, and prevent the danger of inundations in time of freshet, except by enlarging the culverts and making changes in the upper part of the stream, of which the natural effect would be to cause a scarcity of water in dry times. Such scarcity is incidental to the accomplishment of the public work, and any injury caused by it is to be recovered in the manner provided by the statute, and not by a suit at law."

The respondent contends, as set up in its demurrer, that all the acts alleged in the petition to have been done by it might lawfully have been done by riparian proprietors on the stream; and that under the statute it took the right of riparian proprietors respecting the stream, and is not liable for damages occasioned by changes in the stream which such proprietors could lawfully make.

We will not stop to discuss the question whether the right

inherent in the land to the use of the water of a natural stream flowing across it, which involves the right to have the water of the stream flow upon the land in its natural course and manner, is infringed by the act of a proprietor on the stream above in making an artificial channel for the stream, so that the water shall flow over the land below in an unnatural manner, and its use be rendered less beneficial. The flow of water in the stream above the plaintiff's land was not only retarded and regulated by the natural obstructions in its channel and the growth of trees and bushes at various places upon its banks, but by a number of culverts under highways and railroads, and these culverts were enlarged by the respondent so that they had less effect in retarding and keeping back the water. It may be assumed that no one was under obligation to maintain for the benefit of the petitioner these artificial obstructions incident to the public use of land for highways or railroads, but it does not follow that the petitioner may not have been injured in its property within the meaning of the statute by the removal of them by the respondent, and may not be entitled to damages for the removal of artificial as well as of natural obstructions.

The petitioner alleges that the natural flow of Stony Brook furnished a constant and adequate supply of water throughout the year. It also alleges that the brook has been obstructed for more than twenty years, and from the earliest times, by natural obstructions and by culverts under highways and railroads. The object of the statute was to give the respondent authority to change the channel of the brook, so as to increase the flow of water in it at times of high water, and to that end to remove obstructions. There is no distinction intended between culverts and other obstructions. Both went to form the channel and banks of the stream which were to be changed, and the culverts would remain unchanged unless the other changes were made, and payment for the injury occasioned by the entire change as a whole was the condition upon which the respondent was authorized to make it. The culverts were made to conform to the natural channel of the brook, and the change in them was incidental to and a part of the change in the natural channel of the brook, and, so far as it should affect the natural channel, required legislative authority as much as any other change. The alleged

deprivation of water during several months of the year, caused by the change in the natural flow of the brook, constituted injury to the petitioner in his property, for which it is entitled to damages under the statute; and it is immaterial if the change in the natural channel which caused the change in the flow of water on the petitioner's land required and involved the. enlargement of culverts under highways and railroads through which the brook passed. See *Parker* v. *Boston & Maine Railroad,* 3 Cush. 107; *Marsden* v. *Cambridge,* 114 Mass. 490; *Ætna Mills* v. *Waltham,* 126 Mass. 422.          *Demurrer overruled.*