## LEVI WOODBURY *vs.* INHABITANTS OF BEVERLY.

Essex. November 21, 1890. — February 24, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Repair of Way — Raising of Grade — "Damage" — Surface Water — Access.*

The owner of land adjoining a town way "sustains damage in his property," and is entitled to compensation, within the Pub. Sts. c. 52, § 15, if by a raising of the grade of the way in making repairs thereon, besides an obstruction to his access to the land and way, surface water is made to flow upon the land, or to remain thereon, rendering it wet, unhealthy, and less valuable.

PETITION, under the Pub. Sts. c. 52, § 15, to the Superior Court, for a jury to assess the petitioner's damages resulting

from the repair of a town way in Beverly. At the trial, *Sherman*, J. refused to rule, as requested by the respondent, that the action could not be maintained; and the respondent, after a verdict for the petitioner, alleged exceptions, which appear in the opinion.

*H. P. Moulton*, for the respondent.

*F. L. Evans & E. C. Battis*, for the petitioner.

MORTON, J. This was a petition under the Pub. Sts. c. 52, § 15, for the assessment of damages caused to the premises of the petitioner by the repair of a town way known as Dodge Street in the respondent town. The petitioner contended, and offered evidence tending to show, that the effect of the repair had been to obstruct a watercourse by which the road wash and water from the petitioner's and other premises had previously been conducted away from the petitioner's premises, and to raise the grade of the street so as to render access to and from the petitioner's premises and the street more difficult, to prevent water from the petitioner's and other premises from flowing away as it had been accustomed to flow, and to cause it with the wash of the street to flow upon the petitioner's premises, and into the cellar of the dwelling-house thereon occupied by him, rendering the premises damp, wet, soggy, unhealthy, and of less value than before. The repair was made by the respondent's surveyor of highways, and it was admitted at the trial that the application to the selectmen for compensation was made after the commencement, and within one year after the completion, of the repair; that the selectmen neglected to adjudicate within thirty days upon the application; and that this petition was duly filed within one year after the expiration of said thirty days.

The respondent asked the court to rule that the action could not be maintained. The court declined so to rule, and submitted the case to the jury under instructions not otherwise excepted to. The jury returned a verdict for the petitioner; and the only question now is whether there was any evidence to warrant this finding.

The respondent contends that the testimony did not, as matter of law, show that a watercourse existed; and that the water which was caused to flow upon or to remain on the petitioner's premises, being only the surface wash of the street and of the

petitioner's premises and other premises adjoining the street, the petitioner is not entitled to recover damages therefor.

If we assume that the evidence did not establish the existence of a watercourse, we do not think that will help the respondent, since there was evidence which entitled the petitioner to go to the jury on the other branch of the case. We must assume that suitable instructions were given as to what did or did not constitute a watercourse; and the jury may have found that there was no watercourse, and still have properly rendered a verdict for the plaintiff on other grounds.

It is well settled that an action of tort will not lie against a city or town for causing surface water to flow from its streets or ways upon the premises of a landowner which adjoin such streets or ways, or for preventing the surface flow from such premises. *Flagg* v. *Worcester*, 13 Gray, 601. *Barry* v. *Lowell*, 8 Allen, 127. *Turner* v. *Dartmouth*, 13 Allen, 291. *Bates* v. *Westborough*, 151 Mass. 174. *Collins* v. *Waltham*, 151 Mass. 196. This, however, is not such a case, but is a petition under the Pub. Sts. c. 52, § 15, which expressly provide that " when an owner of land adjoining a highway or town way sustains damage in his property by reason of any raising, lowering, or other act done for the purpose of repairing such way, he shall have compensation therefor." The act which led to the damage complained of in this case was a raising of the street for the purpose of repair, and therefore comes within the precise language of the statute, which has always been construed, and rightly, we think, to include damage of the same general character as that claimed in this instance. *Perry* v. *Worcester*, 6 Gray, 544. *Flagg* v. *Worcester*, 13 Gray, 601. *Benjamin* v. *Wheeler*, 15 Gray, 486. *Hartshorn* v. *Worcester*, 113 Mass. 111. *Boston Belting Co.* v. *Boston*, 152 Mass. 307.

The respondent contends that the word " damage " in the statute only includes damage for which under like circumstances an action at law would lie against an individual ; and that inasmuch as the petitioner in this case could not maintain an action against an adjoining proprietor for surface wash merely, or for so using his own premises as to turn the flow of surface water from the petitioner's premises, the petitioner cannot recover for the damages thus caused in the present case. But we

do not think the word can be so limited. There is nothing in the statute to indicate that the Legislature used it in this restricted sense. The language is, " When an owner of land . . . sustains damage in his property." If the repair causes surface water to flow or remain upon premises where it did not flow or remain before, and such premises are thereby rendered damp, wet, unhealthy, and less valuable than before, the landowner certainly " sustains damage in his property " by reason of the repair. It is none the less a damage because resulting from surface water which the action of the town in the repair of its way has caused to flow or remain on the premises of the landowner. No such construction as that for which the respondent contends has been given to the word in analogous instances, and, as the cases cited above show, it is not the construction which has been heretofore given to the statute under consideration. " The rule which prevails in actions at common law between adjoining proprietors does not apply to this proceeding under the statute, which includes all damages to the owner's property," say the court in the case of *Hartshorn* v. *Worcester, ubi supra,* which was a petition for damages from the location of a highway. See *Walker* v. *Old Colony & Newport Railway,* 103 Mass. 10; *Watuppa Reservoir* v. *Fall River,* 134 Mass. 267; *Boston Belting Co.* v. *Boston,* 152 Mass. 307. The intention of the Legislature clearly was to provide a remedy by which the landowner whose property had been injured could recover compensation for all the damages which he had sustained by the act of repair. *Sullivan* v. *Fall River,* 144 Mass. 579. Prior to the passage of this statute, he had no such remedy. *Callender* v. *Marsh,* 1 Pick. 418.

The inconvenience and obstruction caused to the petitioner in passing between his premises and the street by the raising of the grade was also an element of damage which might properly be taken into account by the jury, although the principal ground on which damages appear to have been claimed was the injury caused by water. *Commonwealth* v. *Boston & Maine Railroad,* 3 Cush. 25. *Burr* v. *Leicester,* 121 Mass. 241.

*Exceptions overruled.*