JOSEPH E. STANWOOD *vs.* CITY OF MALDEN.

Middlesex.    May 31, June 1, 1892. — June 23, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Way — Discontinuance — Action.*

The discontinuance of a part of a street in a city is not a ground of action by an owner of land on another street, into which, opposite his land, the part of the street discontinued runs obliquely, if the means of access to his estate remain ample, although its money value is diminished by the diversion of travel; and it is immaterial that a small point of land, of which he owns the fee subject to the public right of way, touches the discontinued part of the street.

HOLMES, J. This is a petition to recover damages for the discontinuance of a part of Summer Street in Malden, which runs into Florence Street obliquely just opposite the petitioner's land. The petitioner's means of access to his estate remain ample, but it is possible, if not probable, that its money value is diminished by diverting the stream of travel which formerly flowed toward it over Summer Street.

The petitioner begins by asking us to overrule *Smith* v. *Boston,* 7 Cush. 254, and the cases which have followed it. He cites the English decisions, ending with *Metropolitan Board of Works* v. *McCarthy,* L. R. 7 H. L. 243, and *Caledonian Railway* v. *Walker,* 7 App. Cas. 259, which show a tendency to establish a more liberal rule of damages than ours, and he argues further that laying out the discontinued piece of street would have been a benefit for which the petitioner might have been assessed; *Allen* v. *Charlestown,* 109 Mass. 243; *Hilbourne* v. *Suffolk,* 120 Mass. 393; and that it follows conversely that it must be a damage for which he should be paid if it is taken away. He might have added, that there are Massachusetts decisions on other statutes giving damages which adopt a more liberal test even than the English cases, and give damages for which an action would not lie had the act been done without authority of statute. *Woodbury* v. *Beverly,* 153 Mass. 245, 247, 248. See L. R. 7 H. L. 252.

None of the considerations which have been urged seem to us to warrant our overruling a construction of a statute which has

been settled for forty years, seemingly to the satisfaction of the Legislature, and which has been followed elsewhere by courts of the highest respectability. *Smith* v. *Boston, ubi supra.* *Castle* v. *Berkshire,* 11 Gray, 26. *Davis* v. *County Commissioners,* 153 Mass. 218. *Hammond* v. *County Commissioners,* 154 Mass. 509. *Coster* v. *Albany,* 43 N. Y. 399, 414. *Fearing* v. *Irwin,* 55 N. Y. 486. *Paul* v. *Carver,* 24 Penn. St. 207. *McGee's appeal,* 114 Penn. St. 470. *Gerhard* v. *Seekonk River Bridge Commissioners,* 15 R. I. 334. *Clark* v. *Providence,* 10 R. I. 437. *Polack* v. *San Francisco Orphan Asylum,* 48 Cal. 490. *Kimball* v. *Homan,* 74 Mich. 699. *Chicago* v. *Union Building Association,* 102 Ill. 379. *East St. Louis* v. *O'Flynn,* 119 Ill. 200. *Barr* v. *Oskaloosa,* 45 Iowa, 275. Dillon, Mun. Corp. (4th ed.) § 666. The authority of cases like *Woodbury* v. *Beverly* is met by decisions directly in point, and the English decisions, whatever the respect to which they may be entitled, of course are not authority. Moreover, if there is a difference between the law of this State and that of England, probably it goes farther than the counsel for the petitioner pointed out, and more cases than were cited might have to be overruled. *Smith* v. *Boston,* and the cases which followed it, no doubt would have recognized the English test or rule to which we have referred; namely, that those damages can be recovered which could have been recovered at common law, had the acts which caused them been done without authority of statute. But our decisions as to when an action by the common law would lie for obstructing a highway probably are less favorable to landowners than the English are. It is not likely that *Harvard College* v. *Stearns,* 15 Gray, 1, would have been decided the same way in England. But if that decision was right, *Smith* v. *Boston* was right, on English principles. We express no opinion as to how we should have decided any of the foregoing cases had they arisen before us for the first time. It is enough to say that *Smith* v. *Boston* is intelligible, even if with justice it might have been more liberal. It would have been intelligible for the Legislature to say that, when a benefit is conferred upon a landowner, the value of which he does not pay for, he takes it upon the implied condition that he shall not be paid for it when it is taken away. It will be remembered that there were no betterment laws when

the meaning of this act was settled. It was intelligible for them to say that only the loss of access, the comparatively palpable injury, should be paid for, and not the advantage which the land-owner had had the luck to enjoy of being where the crowd was; somewhat in the same way that the common law refuses to recognize the damage, often very great even measured in money, caused by cutting off a view.

No doubt there are many cases in which it is left to the jury to fix the difference of degree at which liability begins. Very likely this is one of them in England. But there are also many, and a constantly-increasing number, in which the law draws the line. The principles on which it has done so may not have been consistent, because it has acted sporadically, and not always upon a general theory consciously held. Nevertheless one may doubt whether substantial justice has not been approached most nearly when it has not been a matter of course to leave every nice question of the standards of conduct to a jury.

The petitioner further contends that he brings himself within the principles of *Smith* v. *Boston*, because, as he says, a small point of land of which he owns the fee subject to the public right of way touches the discontinued part. We do not pause to consider whether the fact is as alleged, because if it is it would not affect our decision. The proposition on which *Smith* v. *Boston* was decided was, that, to lay a foundation under our statute for a claim of damages for discontinuing a highway, it is not enough to show that a shop has suffered by the diversion of travel, or that the owner finds travel less convenient at a distance from his place, if the access to the system of public streets remains substantially unimpaired.

*Judgment on the verdict.*

*M. Storey & B. W. Palmer*, for the petitioner.
*J. F. Wiggin*, for the respondent.