James E. Wooley & another *vs.* City of Fall River.

Bristol. March 11, 1915. — April 1, 1915.

Present: Rugg, C. J., Loring, De Courcy, Pierce, & Carroll, JJ.

*Damages,* For property taken or impaired under statutory authority. *Evidence,* Photographs, Remoteness, Of value. *Way,* Public: laying out.

Upon a petition for the assessment of damages sustained from the laying out as a public highway of a private street adjoining the petitioner's land and changing its grade, it is proper to base the damages upon the assumption that the street will be completed to the grade established by the order for its laying out, and the damages are not to be limited to the effect of the change of grade that exists at the time of the trial after a temporary suspension of the work on the street.

In such a case it is proper for the presiding judge to permit the jury to consider evidence of the cost of raising the petitioner's house and of filling and raising the grade of the petitioner's land or of a part of it, if the jury first find that to raise the house and raise the land is a reasonable, economical, proper and advantageous way of treating the property in the situation that will exist when the street shall have been raised to the grade established by the order.

At the trial of a petition for the assessment of damages sustained from the laying out as a public highway of a private street adjoining the petitioner's land and raising the grade of such street, the presiding judge in his discretion properly may permit the introduction in evidence of a photograph of the land taken about fifteen years before the trial by the petitioner, who had lived on the land off and on for sixteen years and who testified that "no one ever touched the street until the city accepted it."

At the same trial it is proper for the presiding judge to permit the petitioner to testify what he considers was the fair market value of the land immediately before the order for the laying out of the street, such an owner being assumed to have a knowledge of his property adequate to form an intelligent estimate of its value.

PETITION, filed on May 22, 1912, for the assessment of damages to the petitioners' real estate from the laying out of West Slade Street in Fall River and the raising of the grade of that street.

In the Superior Court the case was tried before *McLaughlin, J.* The evidence is described in part in the opinion. James E. Wooley, one of the petitioners, testified that he was a part owner of the land and had lived on it off and on for sixteen years, that a photograph, which was offered in evidence by the petitioners, was taken by him about fifteen years before the trial, and that "no one ever touched the street until the city accepted it." The judge admitted the photograph in evidence subject to the respondent's exception. This witness was asked what he considered the fair market value of the property immediately before the passage of the order for the laying out; and, subject to the respondent's exception, was permitted to answer that it was worth from $2,300 to $2,500.

At the close of the evidence the respondent asked the judge to give certain instructions to the jury, the eighth and ninth instructions requested being as follows:

"8. You are instructed to disregard all evidence introduced at the trial relating to the cost of raising the petitioners' house.

"9. You are instructed to disregard all evidence introduced at the trial relating to the cost of filling and raising the grade of the petitioners' land or any part thereof."

The judge refused to give these and other instructions requested by the respondent, and instructed the jury, among other things, as follows:

"Generally speaking the measure of damages in cases of this sort is the fair market value of the property immediately before the passage of the order in question, less the fair market value of the property immediately after the passage of the order in question. That is, it would be your duty, at the outset, when you come to determine the question as to whether the petitioners' property has been injured, and if so to what extent, to determine in the first place what that estate was worth immediately before June 21, 1911, the date of the passage of the order by the board of aldermen. . . . So, determining as well as you can, in the light of all that you know about the property, what its fair market value was immediately before the passage of the order of June

21, 1911, you then proceed to ascertain what its fair market value was immediately after the passage of that order of June 21, 1911. Well, you can see that the physical aspects of the place were precisely the same immediately after the passage of the order as they were immediately before the passage of the order, and that, perhaps for some time and on the evidence for a number of months, it lay in precisely the same condition as it was before the passage of the order; but you are to determine the market value of the property after the passage of the order, not in the light of those physical conditions which actually existed immediately after the passage of the order, but in the light of those physical conditions which will exist when that order is actually carried out to the full extent which its terms require, namely, when that street is carried up to the grade which the order establishes. So that when I ask you to determine what the market value of the property was immediately after the passage of the order, I ask you to determine it on the assumption that immediately after the passage of the order that street suddenly, as it were, was raised to the grade to which the order of the board of aldermen requires it shall be raised, and to which the authorities of the city are bound later to raise it. Then in the light of that physical situation you will determine what that property is worth. . . . Evidence has been introduced here as to what it would cost to raise the yard, or the land, to the same relative position with reference to the new street as it had with reference to the old. Well, there is no rule of law that because the grade of a street is raised that a person is entitled, as matter of law, to such an amount as will enable him to restore the same, re-establish the same relative conditions that existed before the passage of the order for the doing of the work. The only competency and the only purpose and the only reason, why evidence as to the cost of their raising the house and raising the garden or the yard was introduced, was in the event that you find that the most reasonable and economical and advantageous way of treating that property is to raise the house and the garden. You will attach no importance to the evidence relating to the cost of raising the house and you will attach no importance to the cost of raising the land, unless you find that to raise the house or to raise the land is a reasonable, economical, proper and advantageous way of treating that property, in the light of the situation

that will exist when that street is raised to grade. . . . Ascertain first the fair market value of the property immediately before the passage of the order, then ascertain the fair market value of the property immediately after the passage of the order, in the light of all the circumstances, of the conditions of the property in which it is left, and in the light of the assumption that the order is actually carried out and the work done which the order contemplates, and in the light too of any special, direct and peculiar benefit, if there was any such direct, special and peculiar benefit which attached to the property by reason of the passage of the order, or to put it in another way, which attached to the property by reason of the doing of the work or the contemplated doing of the work which the order provided for. Then, I say, ascertain the fair market value of the property after the passage of the order, in the light of all these considerations and circumstances under which it is left, in the light of the assumption that the order is carried out, and in the light of any special, direct or peculiar benefit which attached to the property by reason of the passage of the order. Now, when you shall have ascertained the fair market value in that way, as it was after the passage of the order, subtract that fair market value from the fair market value of the property as it was immediately before the passage of the order, and the difference, if there is any difference, is the amount of damages which these petitioners are entitled to. If there is no difference, if the fair market value of the property after the passage of the order, in the light of these circumstances and conditions which you are to consider in determining that fair market value, if it is equal or no less than the fair market value of the property as it was before the passage of the order, why then, your verdict should be for the respondent. But if there is a difference, if the fair market value of the property after the passage of the order is less than it was before the passage of the order, then that is the amount of damage which the petitioners are entitled to, after you have added interest upon that amount at the rate of six per cent from the date on which the defendant's agents entered upon the street to do the work, which was the fifth day of April, 1912."

The jury returned a verdict for the petitioner in the sum of $786.10; and the respondent alleged exceptions.

*G. Stevens* of New York, (*R. A. Dean* with him,) for the respondent.

*B. Cook, Jr.,* for the petitioners.

DE COURCY, J.   The petitioners owned two adjoining forty-five-foot lots on the southerly side of a private way now known as Slade Street in Fall River.   The front portion of the westerly lot was practically on a level with the street, but the easterly lot sloped from west to east so that the northeasterly corner was from fifteen to eighteen inches below the surface of the way.   Slade Street was laid out as a public way and its grade established by the city of Fall River on June 21, 1911.   The city authorities entered upon the land on April 5, 1912, and proceeded to work the street to grade.   They ceased work upon it in December, 1912, at which time the surface of the grade had been raised about two feet at the northeast corner of the petitioner's property, where the established grade called for a raise of five and one half feet; and it remained in that condition at the time of the trial.   So far as the record discloses, however, no offer was made by the respondent to show that the established grade had been abandoned, or that the suspension of the work of grading was other than temporary.   See *Como* v. *Worcester,* 177 Mass. 543.

On the facts appearing at the trial the damages to which the petitioners were entitled properly were based on the assumption that the street would be worked to the established grade, and were not limited to the grade as it existed temporarily when work was suspended in December, 1912.   *Snow* v. *Provincetown,* 109 Mass. 123.   *Brady* v. *Fall River,* 121 Mass. 262.   Subsequent completion of the work of bringing the street to the established grade, if made within a reasonable time, presumably would be part of the original construction, for which the petitioners could recover no additional damages.   *Geraghty* v. *Boston,* 120 Mass. 416.   The respondent's requests for instructions relating to this subject were refused rightly.   The eighth and ninth properly could not be given; and the trial judge accurately instructed the jury upon the proper application of the evidence as to the cost of putting the property in the same condition relatively as before, as one of the steps in determining the diminished value of the premises. *Buell* v. *County of Worcester,* 119 Mass. 372.   In short, the principles of law and rules of evidence applicable to the case were ex-

plained to the jury in a charge that was correct, comprehensive and clear.

There were numerous exceptions to the admission and exclusion of evidence. Plainly the photograph was admissible in the discretion of the judge. *Everson* v. *Casualty Co. of America,* 208 Mass. 214. We find no error in the admission of the evidence of the petitioner Wooley. Usually the owner is assumed to have a knowledge of his property adequate to form an intelligent estimate of its value. *Shattuck* v. *Stoneham Branch Railroad,* 6 Allen, 115. *Patch* v. *Boston,* 146 Mass. 52, 57. *Lincoln* v. *Commonwealth,* 164 Mass. 368, 380. *Shea* v. *Hudson,* 165 Mass. 43.

The remaining exceptions have been considered and call for no special mention.

*Exceptions overruled.*