## NEW YORK, CHICAGO & ST LOUIS RD CO et v BUCSI et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13425.   Decided July 17, 1933

Tolles, Hoggsett & Ginn, Cleveland, and Miss Susan B. Rebham, Cleveland, for plaintiff in error.

J. R. & H. R. Snyder, Cleveland, for defendants in error.

McGILL, J.

Plaintiffs below claimed that their access to plaintiffs' property from East 89th Street

was completely destroyed and that access from Woodland Avenue was seriously impaired and that plaintiffs below sustained an injury which is compensable.

At the outset it is to be noted that there are two lines of authorities in this country governing the right to damages in analagous situations. Massachusetts, in a long line of decisions, has taken the view that there is no recovery where plaintiff's property does not abut upon the vacated portion of a street. The Supreme Court of Massachusetts said in Stanwood v City of Madden, 157 Mass. 17:

"We express no opinion as to how we should have decided any of the foregoing cases had they arisen before us for the first time. It is enough to say that Smith v Baxter is intelligible, even if with justice it might have been made liberal."

Because of the fact that there are a diversity of holdings in other jurisdictions it must be conceded that the law in other states is not controlling and is not particularly helpful.

Counsel for plaintiffs in error assert that the leading case in Ohio is the case of **Kinnear Mfg. Co. v Beatty, 65 Oh St 264,** (1901). The law as set forth in syllabus 2 of the Kinnear case reads as follows:

"A property owner on a street or alley, a portion of which other than the part on which he abuts, is vacated by the city council, has no right to enjoin the obstruction of the vacated portion by the owners to whom it reverted, where he has reasonable access to his property by other streets and alleys, although the distance he may have to travel, in some directions may be greater than before the vacation. To entitle a party to any relief in such cases, the inconvenience he suffers must differ in kind from that of the general public and not only in degree."

The Kinnear case was considered later by our Supreme Court in the case of **Schimmelman v L. S. & M. S. Railroad Co., 83 Oh St 356** (1911), and in the course of the opinion by Price, J, it is said at page 373:

"However, we are told that this case is ruled by **Kinnear Mfg. Co. v Beatty, 65 Oh St 264.** We do not so understand it.

In that case Mrs. Beatty brought suit to enjoin the erection of a certain building by the Kinnear Manufacturing Company upon the vacated portion of a certain alley at the rear end of her lot in Columbus. This alley extended from Hamlet Street on the west to Fourth Street on the east. In the statement of that case appears a map of said streets and alley which clearly shows the location. Her residence fronted on Warren Street. The city authorities had by appropriate proceedings vacated that portion of the alley which extended east from her lot, but did not vacate that part on which her lot abutted. The court was called upon to decide as to what became of the vacated portion and it decided that it reverted to the abutting lot owners subject to such rights as other property owners on the alley might have therein as a means of access to their property.

It will be observed, also, that while vacating the east part of the alley, the city opened an alley fifteen feet wide along the entire length of her lot to Warren street, upon which her residence fronted. She had the old alley from the west to and along the rear of her lot and the new fifteen foot alley its entire length to Warren Street and of course that street was open and improved. Therefore she had better means of access to her lot—surely no worse—than she had before vacation."

After the vacation of a part of the street in the Kinnear case, the plaintiff had access by reason of the streets and alleys north, south, east and west. In the Kinnear case as viewed by the Supreme Court in the Schimmelman case, the plaintiffs had better means of access, or at least no worse, after the vacation had been affected.

In the case at bar exactly fifty percent of the access to the property of plaintiffs below has been entirely eliminated. Reverting again to the syllabus of the Kinnear cast, it is to be noted that the Supreme Court refers to **reasonable access.** Where the owner of the property is "bottled up" and left with only one-half of the means of access theretofore enjoyed, can it be said that such access is **reasonable?**

There are other decisions in Ohio denying a right of recovery and particularly the cases of **Anderson v City of Cleveland, and New York, Chicago & St. Louis Railroad Company, 17 O.C.C. (N.S.)** (1913); and **Schmidt v City of Cleveland, 1 Oh Ap 264** (1913).

It is to be observed that in the Anderson case the street north of the Anderson property was diverted, only causing longer travel, but not rendering cul-de-sac. In the Schmidt case there was no change made

on East 83rd Street, which is the street on which the property abutted. A bridge was erected at East 83rd and East 84th and Kinsman Road but the Schmidt property did not abut on Kinsman Road. East 83rd Street was not rendered cul-de-sac but extended to all places thereafter just as it formerly did. It will be seen, therefore, that the facts presented in the instant case are clearly distinguishable from these cases.

A majority of this court prefers to follow the rule announced in **Neudoeffer-Silcox Company v The Marting Brothers Co., 17 Oh Ap 286** (1923). It is said by Mauck, J, at page 291:

"Unembarrassed by clear precedent, we prefer the more liberal rule adopted by the courts of New Jersey, Illinois, Pennsylvania, and other states that recognize that the interest that an abutting property owner has in the street along the entire block on which his property is located is substantially different in kind from the interest that others who have no property in that particular block have. The authorities pro and con are to be found in a note to City of Newark v Hatt (79 N. J. L. 548) in 30 L.R.A. (N.S.) 637. We adopt as our own the view expressed by the New Jersey court, that while the owner enjoys with the public the right to pass over a street, he also has a "special right of access to his land from the next adjacent intersecting streets, over the highway on which it bounds, and that such right of access, in either direction the street allows, is a special advantage to the lands lying on it between any two intersecting streets. It is not a question whether the land adjoins the vacated portion or not, but rather will its value be impaired if deprived of one of the immediate means of access to it? We are of opinion that such right of access is of special advantage to all the land abutting a highway on a block between two streets, and that the vacation of a part of such street diminishes the value of all the land between the next adjacent cross streets."

If the owner of a vacant lot erects a home or business structure thereon and pays for improvements such as paving, sidewalks and sewer on the theory of the benefits conferred, it seems manifestly unjust that one end of that street can thereafter be completely vacated and blocked off without compensation for the damage sustained. The justice and fairness of the situation calls for the application of the more liberal rule referred to by Mauck, J, in the Neu-

doefer case. Nor do we believe that the courts of Ohio are committed to the doctrine of no recovery in cul-de-sac cases where the property is in same block even though it does not abut upon the vacated portion of the street, particularly where the access has been impaired to the extent of fifty percent.

Under the facts in the instant case, the Court of Common Pleas has found that the access, after a portion of Nevada Avenue was vacated, is unreasonable and that plaintiffs below sustained damage, and with that view a majority of this court is in accord.

Accordingly the judgment is affirmed and an exception granted to plaintiffs in error.

LEVINE, J, concurs in judgment.
LIEGHLEY, PJ, dissents.

LIEGHLEY, PJ, dissenting:

I am unable to join with my associates in affirming the judgment in this case and deem it proper to state my reasons therefor.

Counsel are fully acquainted with the facts in detail as contained in the record and briefs. Attention is called, however, to a few of the facts.

Nevada Avenue runs in an easterly and westerly direction parallel with Woodland Avenue, one of the leading thoroughfares of the city of Cleveland. A proposed improvement by the railroad company on its right of way necessitated the closing of Nevada Avenue at the point where it intersects with East 89th Street, which improvement was duly authorized. The Bucsi property is located on the southerly side of Nevada Avenue, a short distance from East 86th Street, which intersects at right angles. Their property is about 300 feet distant from the obstructed or vacated portion of the street and located much nearer the intersection of East 86th Street.

The obstruction of the street resulted in closing the easterly access to their property but left to them the westerly access to East 86th Street and in the direction of the downtown area.

The plaintiff brought an action in the Common Pleas Court for damages resulting from the closing of Nevada Avenue to the east, on the theory that they were damaged in kind rather than degree. The trial below resulted in a judgment for plaintiffs. Error was prosecuted to this court to reverse said judgment. The majority hold that plaintiffs sustained compensable damages.

The plaintiffs have a readily accessible ingress and egress to their property in a westerly direction connecting the same with the system of streets and alleys of the city.

The Ohio authorities decisively commit this state to the so-called Massachusetts rule. We reach this conclusion from the following authorities:

The Kinnear Mfg. Co. v Beatty, 65 Oh St 264.

Anderson v City of Cleveland & New York C. & St. L. Ry., 17 C.C. (N.S.) 13, affirmed no report 79 Oh St 451.

Schmitt v City of Cleveland, 1 Oh Ap 264, affirmed no opinion 91 Oh St 410, on authority of the Kinnear case.

Hall v Railway Co., 85 Oh St 145, in which case in the opinion on page 157 the rule of the Kinnear case is reannounced in the following language:

"It would, therefore, seem to be fully settled in Ohio that whether property abuts upon that particular portion of the obstructed or vacated street, yet if that street affords the only reasonable access to the property the owner's rights are the same as if his property actually abutted upon the obstructed parts, but where his property is not physically in contact with the vacated portion of the street and he has other reasonable means of access, then the owner has no right of action to enjoin the obstruction or recover damages."

If the maps exhibiting the properties involved in the Kinnear, Anderson, Schmitt and the instant case are placed side by side and examined disinterestedly, some ingenuity will be required to find wherein the case at bar discloses a damage in kind as distinguished from the other three cases in which the courts held there was a mere inconvenience or damage in degree.

Believing that the above authorities establish the law of Ohio to this date, it is incumbent upon me to follow it. Some courts and judges seem to derive considerable comfort and consolation in an effort to pioneer. It has been my program to endeavor to find what the law is with a view to following it, and if and when found to adopt it. No other motive or consideration is sufficient justification for doing otherwise.

The law of the several states on this subject is in conflict. There is conflict in the decision of the intermediate courts of this state. We see no conflict in the decisions of the Supreme Court of this state. Ohio announced its adoption and adherence to the Massachusetts rule in the Kinnear case and many other states have done the same. Other states have adopted and followed the English rule but inasmuch as that is not the law of Ohio we are not concerned.

My assertion that Ohio is committed to the Massachusetts rule is not based alone upon my examination of the authorities and particularly the ones above referred to, but Ohio is so classed in the leading text writers of the country.

Attention is called to Nichols on Eminent Domain, 2nd Ed. §323, page 884, where reference is given to the Kinnear case and the decisions of the many states in the Union that have followed the Massachusetts rule, and the following language is used:

"The Massachusetts rule in respect to common law liability for an unlawful obstruction is followed, to a considerable extent at least, in many of the other states, and, carrying out the analogy, it is held by perhaps the weight of authority in this country that when a portion of a street is obstructed or discontinued by authority of law, even if the constitution or statutes in force require that the owners of property damaged by such discontinuance or obstruction shall be compensated, the owner of land abutting upon such street, but not upon the portion obstructed or discontinued, is not entitled to compensation, if his land may still be reached from the other direction. Although the land nearest the obstruction may suffer more greatly in degree than the land further away, the injury is the same in kind."

Lewis on Eminent Domain, 3rd Edition, Volume 1, §199, page 370, states what the Massachusetts rule is, as set forth by Nichols with citations to Supreme Court decisions of the various states following this rule including the Kinnear case.

As stated, I am convinced that the law of Ohio is established in conformity with the Massachusetts rule in cases of this character and it is my duty to follow that law until the same is modified or reversed by the Supreme Court of Ohio.