Barron, J.
This is an action of tort to recover for damages to the plaintiff’s automobile through the alleged negligence of the defendant. There was evidence tending to show “that about 9 o’clock in the morning the plaintiff was riding in her automobile which was a 1941 Plymouth Sedan operated by her husband; that it was a clear day and the road was dry. While proceeding along Atlantic Avenue going toward the North Station in heavy traffic and in a line of other cars, the cars were held up by a traffic officer; they then started up and proceeded about 700 to 800 feet when the second car ahead of the plaintiff’s car stopped. The car ahead of the plaintiff’s car bumped into the car ahead of it and the plaintiff’s car being the third car in line bumped up to the car ahead of it and humped bumpers. The plaintiff’s husband took the car out of gear, left the motor running, put on the emergency brake and had opened the door of the car to his left when the car driven by the defendant *309 struck the plaintiff’s car in the rear and pushed it up and under the car ahead of it, and the defendant’s car went under the rear bumper of the plaintiff’s car. The plaintiff’s car had stopped about 15 seconds before it was struck in the rear by the defendant’s car. The plaintiff’s husband got out of the car and looked at the damage to the plaintiff’s car. The grille in front of the radiator was stove in, the xadiator was leaking, rear bumper was caught in the front bumper of the defendant’s car, one of the two uprights of the rear bumper of the plaintiff’s car was off and part of the metal between the rear bumper and the trunk was bent. The plaintiff was thrown forward and back. ’ ’
“The plaintiff testified that she bought her car in August of the year prior to the accident and had had it about ten months. She did not look at the damage to her car at the place of the accident, hut did look at it when she got out of the car at home, hut did not know the various items of damage. She testified that the fair market value of her car before the accident was $884.00 and $750.00 after the accident. She bought the car of the Franklin Motors Company. She did not drive the car herself, but her husband drove it. She and her husband bought the car together. They are in the antique business together. It was a new car. She gave $884.00 as the fair market value of the car before the accident as that is the price she paid for it. That this morning (that is, at the trial) was not the first time she had thought of the value of the car. She left the value of the car to her husband. The value after the accident was based on what her husband told her was the cost of repairs which was $134.00.”
The court found for the plaintiff in the sum of $134.00.
The defendant claims to be aggrieved by the denial of the following requests for rulings filed by the defendant.
*310 “la. There is not sufficient evidence of the fair market value of the plaintiff’s automobile. 2. The evidence is insufficient to warrant a finding that the plaintiff is qualified to testify to the fair market value of the automobile involved in this accident. 3. The evidence does not warrant a finding the defendant was negligent.”
There was no error. There was evidence of the fair market value of the automobile. The owner testified that the value of the ear before the accident was $884.00 and $750.00 after the accident.
The plaintiff was the owner of the car for ten months. She was familiar with its quality and condition. She had purchased the car when it was new. She had looked at the damage after the accident. She based her opinion as to the value of the car after the accident upon the cost of repairs necessitated by the accident. An owner of personal property who is familiar with its quality and condition is credited with having some knowledge of its value and may testify as to its value. Menici v. Orton Crane & Shovel Co., 285 Mass. 449, 504. Meyer v. Adams Express Company, 240 Mass. 94. Wooley v. City of Fall River, 220 Mass. 584, 589. Caten v. Salt City Movers & Storage Co., 149 Fed. 2d Ser. 428, 433.
There was sufficient evidence from which the court could have found that the defendant was- negligent. There was nothing to interfere with the defendant’s vision. It was daylight and the ground was dry, yet the defendant drove his car into the plaintiff’s car with sufficient force to cause the damage to the car recited in the evidence, and to throw the plaintiff forward and back.
It is true that mere happening of a rear end collision is no evidence of negligence but slight evidence of the circumstances however may place the fault.
From the evidence presented, the court could infer that *311 the defendant was negligent either in failing to observe or in failing to stop or in driving too fast or too near the plaintiff’s automobile. Leck v. Escobar, 318 Mass. 771; Jennings v. Bragdon, 289 Mass. 595, 597. Hendler v. Coffey, 278 Mass. 339, 340. Report dismissed.