### JAMES MARSDEN vs. CITY OF CAMBRIDGE.

Under the Gen. Sts. c. 43, §§ 14, 16, providing for estimating the damage sustained by laying out highways, the owner of part of a building can recover for the loss of support and of shelter caused by removing from the location of the highway the part he does not own.

PETITION to the county commissioners for a jury to assess the damage done to the premises of the petitioner, by the laying out of Portland Street.

At the trial before the sheriff's jury it appeared that the petitioner and a shopmate named Cooper agreed to buy a lot of land, and build a house to live in with their families; that on July 6, 1853, they bought a lot of eighty feet front on Washington Street, Cambridgeport; that they tossed a copper for choice, and divided the land in two equal lots, and took separate deeds, each holding one half in severalty; that they then together made a contract with Galt & Low, builders, to build a house in the centre of the original lot, fronting the street; that the house was accordingly built; that it was built as one house, the timbers running the whole length in front and rear; that there was a foundation wall extending round the house, the two parts being mutually supporting; that there was no partition except a lath and plaster partition in the first and second stories, and a slight board division in the basement that supported nothing; that the attics were undivided, unfinished, and unprovided with means of access; that there was no brick or stone wall in the foundation between the two parts; that there was but one drain, one cesspool, one entrance into the common sewer, and one privy with a single vault, separated by a slight board partition into two parts, situate on the dividing line; that the end walls, without any intermediate partition, sustained the entire building.

Cooper and Marsden lived there with their families, each in his respective part, each owning his divided half, and treating the house as owned in severalty. At the time of the order laying out Portland Street, Cooper was dead, and his part was owned by his widow; and Portland Street was located over her land, passing diagonally from the front on Washington Street to the

rear, the line of the street being four feet from the centre line of the original lot and the building in front, and thirteen feet from the centre in the rear, and taking within its limits the rest of her lot. The city of Cambridge contracted with her, by way of settlement, that she should release her claim for damage upon the payment of $2300, and dispose of that part of the building resting on the land taken by the order for the street, by sale or otherwise, subject to the order necessitating its removal. This settlement was concluded ; and she thereon sold her title in the property, to the centre of the lot and building, subject to the order locating the street. The purchaser cut down and removed his part of the building to about two inches from the dividing line of the original lot and house. The petitioner was obliged to shore up his part of the building during this severance, and to re-build it, to save it from falling to pieces; and for this expense alone the petitioner claimed damage at the hearing.

The counsel for the city contended, and requested the sheriff to instruct the jury, that the petitioner was not entitled to damage, because no legal right or property of his was invaded by the lay-ing out of the street, and because Mrs. Cooper and her assignee were not authorized by the city to cut off the house " outside the limits " of Portland Street, and because the city had settled with Mrs. Cooper. The jury were instructed to give such damage for the direct injury and expense resulting from the order laying out Portland Street, by the taking away of the support of the peti-tioner's part of the building, as they should find on the facts above stated and on the whole evidence.

The jury returned a verdict for the petitioner, which was re-turned to and accepted by the Superior Court, and the respon-dent appealed.

*J. W. Hammond*, for the respondent.

*C. H. Hudson*, for the petitioner.

WELLS, J.   We need not decide precisely what would be the legal or equitable rights of the petitioner, as between himself and the owner of the adjoining premises, because we are of opinion, whatever those rights may be, that he is entitled to his damages from the city, under the acts relating to highways, Gen. Sts. *c.* 43,

§§ 14, 16, in accordance with the principles announced in *Ashby* v. *Eastern Railroad Co.* 5 Met. 368, 372, and *Parker* v. *Boston & Maine Railroad,* 3 Cush. 107, 114. Section 16 provides that in estimating the damage sustained, "regard shall be had to all the damages done to the party, whether by taking his property or injuring it in any manner." By the laying out of the street the petitioner was deprived of the support and shelter for his house from the other part of the double structure which rested upon the land of his neighbor ; and was consequently put to the expense of a new wall for his own part. For the continuance of that support and shelter, of which he was in the actual enjoyment, he had at least the title and assurance arising from mutual necessity and mutual advantage, of which no one but his neighbor could deprive him. That security was taken away by the location of the street in such manner as substantially to destroy the part of the building upon the adjoining land, and render it unsuitable for further use or maintenance as a dwelling. 。

Judgment accepting the verdict  *Affirmed.*