LEVI L. HAMMOND & another *vs.* COUNTY COMMISSIONERS
OF WORCESTER.

Worcester.    October 1, 1891. — October 24, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Certiorari — County Commissioners — Discontinuance of Way over Railroad.*

The owner of land intersected by a railroad and abutting upon a highway crossing the same, who has no title within the railroad location and whose land at a point very near the highway is connected by a private crossing, is not entitled to maintain a petition for a writ of certiorari to quash the proceedings of county commissioners in discontinuing so much of the highway as crossed the location, although, by reason of the proximity of his house and land to the railroad, he has occasion to use the highway over the railroad oftener than that portion of the public who are farther off.

PETITION, by the owners of a farm in Charlton, for a writ of certiorari to quash the proceedings of the county commissioners of Worcester in discontinuing so much of a highway as crossed the location of the Boston and Albany Railroad. The case was heard by *Holmes,* J., who assumed, for the purposes of the case, that the petitioners were entitled to maintain the petition, but

found that the petition ought not to be granted because of laches, and reported the case for the consideration of the full court. The case, so far as material to the point decided, appears in the opinion.

*H. L. Parker*, for the petitioners.

*F. P. Goulding*, for the respondents.

KNOWLTON, J. The petitioners ask for a writ of certiorari to quash the proceedings of the county commissioners in discontinuing so much of a way as crossed the location of the Boston and Albany Railroad. They owned land abutting on the way on each side of the railroad, but it appears by the allegations of the petition, and by the report, that they had no title to the land within the location abutting on that part of the way which was discontinued. They have a farm crossing over the railroad on their own land, at a point very near the public way, and that is not affected by the doings of the county commissioners. By reason of the proximity of their house and land to the railroad, they had occasion to use the public way over the railroad oftener than that part of the public who are farther off; but their use of it was only as travellers on the road, and was not different in kind, but only in degree, from that of the public generally in that vicinity.

It often happens that some persons are so situated as to derive a very great benefit from a public improvement, while they enjoy and use it no differently from all of the public who use it at all, but they are not for that reason specially taxed for the cost of it; so, too, they may suffer greatly from the abolition or discontinuance of it by the public authorities; but if their suffering does not differ in kind from that of the public generally, they are not entitled to compensation in damages.

The tribunals which lay out and discontinue highways are required by the statutes to adjudicate upon the question what is for the public necessity and convenience; and what is convenient and advantageous to one part of the public may be detrimental to another. In whatever way one may be affected as one of the public by proceedings in regard to highways, he can neither be compelled to pay specially for benefits, nor permitted to receive compensation for damages. This rule, in its application to all the people for a long period of time, generally works substan-

tial justice, although there may be under it cases of hardship. If the public, or any part of it, are injuriously affected by erroneous action of county commissioners in laying out or discontinuing a way, their remedy must be sought through the Attorney General.

The case at bar is identical in principle with *Davis* v. *County Commissioners*, 153 Mass. 218, and is very similar to it in its facts. In that case, the order of the county commissioners worked a discontinuance of only that part of the way which was within the location of the railroad, and the petitioners were landowners abutting· on the way near the crossing, who, by reason of the discontinuance, were obliged to go around a considerable distance to reach the principal street of the city of Northampton, which was on the opposite side of the railroad. But it was held that the inconvenience which they suffered, while greater in degree, was the same in kind as that of all the public who might have occasion to use the way, and that they could not maintain the petition for a writ of certiorari. That case is decisive of the case at bar, and it is unnecessary to consider the other questions raised at the hearing.

*Petition dismissed.*