CHARLES E. DAVENPORT & another *vs.* INHABITANTS
OF DEDHAM.

Norfolk.    November 20, 1900. — April 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

Under St. 1896, c. 257, requiring the alteration of certain grade crossings in Hyde Park and Dedham, a petitioner cannot recover damages due to the fact that a change of grade has made passage over the street to and from his estate less convenient than it was before, although his ownership and occupation of land on the street make it necessary for him to use the street more frequently than the general public, since such damage does not differ in kind, although it may in degree, from the damage sustained by that portion of the public generally who may have occasion to use the street.

Where no land is taken, neither St. 1890, c. 428, to promote the abolition of grade crossings, nor Pub. Sts. c. 49, §§ 18, 68, 69, in regard to damages from the laying out, alteration or discontinuance of highways, provides for the payment of any damages not special and peculiar.

PETITION under St. 1896, c. 257, requiring certain alterations in grade crossings at Hyde Park and Dedham, to recover for damage to certain real estate on MacDonald Street, lying mostly in the town of Dedham, the respondent, the alleged damage having been sustained by the raising of the grade of a portion of Sprague Street, in Hyde Park, as provided by a decree of the Superior Court, dated May 7, 1897, confirming a report of a

special commission appointed to determine the manner of separation of the grades of the New York, New Haven and Hartford Railroad, the New England Railroad, and certain ways crossing those railroads, filed May 19, 1898.

At the trial in the Superior Court, before *Gaskill*, J., the petitioners put in evidence · the report of an auditor to whom the case had been referred, and stated to the court that while they did not rely upon the auditor's report, yet the auditor's findings of fact, in relation to everything except damage, were correct.

The petitioners, in addition to the auditor's report, introduced the evidence of Charles E. Davenport, one of the petitioners. He testified that the petitioners carried on an ice business at Dedham and Hyde Park, and that their ice houses were on MacDonald Street on the south side of Sprague Pond about twelve hundred feet by the road from the beginning of the change of grade in Sprague Street. He also pointed out on the plan used at the trial another piece of land owned and occupied by the petitioners. He was then asked : " What effect, if any, did this change of grade in Sprague Street have upon the value of the last mentioned piece of land ? " The question was objected to and excluded. The petitioners' counsel stated that the evidence was offered to show damage to the land and loss of the petitioners' business, and that " The evidence would be cumulative as to the damage to both pieces of property."

At the conclusion of Davenport's testimony, the judge, at the request of the respondent, ruled that the petitioners could not recover, and ordered a verdict for the respondent. To this ruling and order, and to the exclusion of the evidence offered as above set forth, the petitioners alleged exceptions.

The only question raised by the record was in regard to the correctness of the rule of law as to damages stated by the auditor in his report and approved by the judge. The auditor's statement of the rule is given in full in the opinion of the court.

*W. H. Powers*, for the petitioners.

*J. H. Benton, Jr.*, for the respondent.

HAMMOND, J. The auditor found as a fact that " the petitioners have sustained no damage by reason of said decree or by the change in grade of said street prescribed thereby, unless it

be such damage as is due to the fact that the change of grade above referred to has made passage over said street to and from their said estate less convenient than it was before; that if the petitioners have sustained any damage by reason of the fact that their ownership and occupation of land on said street make it necessary for them to use the street more frequently than the general public, and by reason of the fact that the street is less convenient for use than it was before, such damage does not differ in kind, although it may differ in degree, from the damage which has been sustained by that portion of the public generally who may have occasion to use said street"; and ruled that for damages of this character the petitioners were not entitled to recover, and found for the respondent.

At the trial in the Superior Court the auditor's report was put in, and Davenport, one of the petitioners, having taken the stand as a witness, was asked by his counsel, what effect, if any, the change of grade in Sprague Street had upon the value of his land. This question was excluded, and the petitioners' excepted. It does not appear that the petitioners desired to show any other element of damage than those stated in the findings of the auditor. If, therefore, the rule of law stated by the auditor is correct, the petitioners were not harmed by the exclusion of the question.

We are of opinion that the rule is as stated by the auditor, and that therefore the ruling of the court that the petitioners are not entitled to recover was correct. Where no land is taken neither St. 1890, c. 428, nor Pub. Sts. c. 49, §§ 16, 18, 68, 69, can be held to include such damages as are not special and peculiar. The reasons for this are so elaborately set forth in *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad*, 10 Cush. 385, that it suffices to refer simply to that case. In *Dana* v. *Boston*, 170 Mass. 593, upon which the petitioners rely, it appears from an examination of the papers in the case that the damages claimed were of a nature special and peculiar, and the decision was that in such a case it was not necessary in a petition brought under Pub. Sts. c. 49, §§ 68, 69, that the land damaged should abut on the highway.

In view of this conclusion upon the question of damages, it became unnecessary to pass upon the other ground of defence.

*Exceptions overruled.*