WILLIAM L. PUTNAM & others *vs.* BOSTON AND PROVIDENCE RAILROAD CORPORATION & another.

Suffolk.  November 11, 1901. — January 5, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Damages.  Railroad.*

Under Pub. Sts. c. 112, § 95, providing that a railroad company "shall pay all damages occasioned by laying out, making, and maintaining its road, or by taking land or materials therefor" a landowner may recover damages for a special and peculiar injury to land that does not abut upon the grade.

The fact that a change of grade made in a city street by a railroad company is very near a petitioner's land does not make the injury to it special and peculiar so as to entitle him to damages under Pub. Sts. c. 112, § 95, and the fact that since the change the petitioner's land has no communication with other parts of the city except by passing over the grade makes no difference.

The temporary cutting off of land from all access by teams to the public streets of the city or town in which it lies, by the work of a railroad company in changing the grade of the street on which it abuts, at a point between the land and the connecting street, is a special and peculiar injury for which the owner may recover damages under Pub. Sts. c. 112, § 95.

PETITION, filed March 13, 1899, under St. 1896, c. 516, § 23, making applicable Pub. Sts. c. 112, §§ 95, 100, to recover damages for injury to certain land of the petitioners on Lehigh Street in Boston caused by the acts of the Boston and Providence Railroad Corporation in raising the grade of Lehigh Street, beginning at a point twenty-five feet from the petitioners' land between that land and Albany Street.

In the Superior Court the case came on to be heard before *Fessenden,* J., upon an auditor's report.  The judge ruled *pro forma* that the petitioners could not recover, ordered judgment for the respondents, and reported the case for determination by this court, such order to be made therein as this court should direct.

The case was argued at the bar in November, 1901, and afterwards was submitted on briefs to all the justices.

*C. S. Hamlin,* (*W. H. S. Kollmyer* with him,) for the petitioners.

*J. H. Benton, Jr.,* for the respondents.

KNOWLTON, C. J.   The petitioners are the owners of twenty-two thousand three hundred square feet of land with a wharf and a dock and buildings upon it, abutting about seventy-five feet on Lehigh Street, which originally extended from South Street to Albany Street in Boston. Previously to the change in the street to which this petition relates, the easterly portion of Lehigh Street had been discontinued under the provisions of the St. 1896, c. 516, which provided for the construction of the terminal railway station in Boston.   This discontinuance extended nearly to the easterly boundary line of the petitioners' premises, and left the street with a length of only about two hundred and thirty feet between that point and Albany Street. Under the authority of this statute the Boston and Providence Railroad corporation filed a location for the extension of its railroad from Dartmouth Street to the terminal company's ground, and this location made necessary a change of grade of Albany Street, and also of Lehigh Street for a distance of about one hundred and thirty-two feet from Albany Street, to a point about twenty-five feet from the westerly line of the petitioners' premises.   This change was made and the location of the railroad was filed in accordance with an order of the board of aldermen, and this petition is brought to recover damages to the petitioners' property from the change of grade in the street. This property is left in a cul-de-sac, with the only access to it through Albany Street and for a distance of one hundred and sixty feet over Lehigh Street.   The auditor passed upon two questions : First, "Whether in the case of property not abutting on the changed grade, damages for a special and peculiar injury can be recovered"; secondly, "Whether in the present case the injury to the petitioners' property is of such special and peculiar nature as to entitle them to damages."

The first of these questions he rightly answered in the affirmative.   The statute provides that the railroad company "shall pay all damages occasioned by laying out, making, and maintaining its road, or by taking land or materials therefor."   Pub. Sts. c. 112, § 95.   See also Pub. Sts. c. 49, § 16; *Marsden* v. *Cambridge*, 114 Mass. 490; *Dana* v. *Boston*, 170 Mass. 593; *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180.   So far as the permanent effect upon the property is concerned, the au-

ditor rightly found that the damages, upon the evidence offered, were not special and peculiar. The change of grade made the public street less convenient and easy for travel with teams than it had been before. This change was very near the petitioners' property, and in connection with the occupation and use of that property, the inconvenience of it would be felt in much greater degree by the petitioners than by persons who would have occasion to use the street only infrequently. But the use in either case is only that of one of the public travelling in the street, and the inconvenience and damage to property owners in the vicinity, although greater in degree, is the same in kind as to those living a long way off. It has been settled by many decisions in this Commonwealth, that this damage is not special and peculiar and cannot be allowed in a proceeding of this kind. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad,* 10 Cush. 385. *Smith* v. *Boston,* 7 Cush. 254. *Willard* v. *Cambridge,* 3 Allen, 574. *Fall River Iron Works* v. *Old Colony & Fall River Railroad,* 5 Allen, 221. *Blackwell* v. *Old Colony Railroad,* 122 Mass. 1. *Davis* v. *County Commissioners,* 153 Mass. 218. *Hammond* v. *County Commissioners,* 154 Mass. 509. *Shaw* v. *Boston & Albany Railroad,* 159 Mass. 597. *Nichols* v. *Richmond,* 162 Mass. 170. *Davenport* v. *Dedham,* 178 Mass. 382. On this question, the fact that since the change the petitioners' land has no communication with other parts of the city except in one direction makes no difference. This fact was the same in *Davis* v. *County Commissioners,* and in *Hammond* v. *County Commissioners, ubi supra.*

Another part of the proposed evidence presents a different question. The petitioners offered to prove that in making the change, Lehigh Street, between their property and Albany Street, "was completely closed up and access to and egress from the property of the petitioners for teaming purposes was rendered impossible from April 21, 1899, to August 21, 1899," and that the petitioners thereby suffered great damage from their inability to use their property for the purposes to which it was adapted. Although this kind of question has sometimes been referred to, there is no adjudication covering it in this Commonwealth. For four months the street was practically although not technically discontinued so far as travel by teams

was concerned.  This, we understand, was a necessary consequence of changing the grade according to the order.  Ordinarily on discontinuance of a street, only those persons whose property abuts on the part discontinued suffer special and peculiar damages.  Commonly such persons are the only ones whose property is cut off from access to the world outside.  If this access is only made less convenient by the necessity of using some other part of the highway, instead of the part discontinued, their inconvenience in that particular is of the same kind as that of the public generally.  But if their access from their property to the general system of public highways of the city or town is cut off altogether, the case is different.  It has repeatedly been recognized that in such a case they may suffer special and peculiar damages.  The right to recover such damages, even though the property does not abut on the discontinued portion of the way, is recognized by Chief Justice Shaw in the last paragraph of the opinion in *Smith* v. *Boston,* 7 Cush. 254, and by Mr. Justice Charles Allen in *Davis* v. *County Commissioners,* 153 Mass. 218, 223.  See also *Castle* v. *Berkshire,* 11 Gray, 26 ; *Stanwood* v. *Malden,* 157 Mass. 17, 18.  It never has been held that one whose access to a general system of public streets in a city or town is entirely cut off, suffers only the same kind of damage by the discontinuance of a street as one of the public who is merely obliged to travel further through public streets to reach his destination.  So to hold would be to extend too far the doctrine previously stated in this opinion, which as now established sometimes causes hardship, although it rests on sound principles and generally accomplishes justice.

The cases of *Harvard College* v. *Stearns,* 15 Gray, 1, and *Blackwell* v. *Old Colony Railroad,* 122 Mass. 1, differ so much from the present case in their facts that they are not controlling in favor of the respondents.  If the petitioners had been deprived of access to their property with teams permanently, as they were for four months, we should have no hesitation in holding that their damages were special and peculiar, and that they could recover them under this petition.  Does it make any difference in principle that the interference with the use of their property was only temporary?  We are of opinion that it does not, and so it has been decided.  *Penney* v. *Commonwealth,* 173 Mass. 507.

*Edmands* v. *Boston*, 108 Mass. 535.   It seems likely that the damage was considerable, and although it did not grow out of a permanent condition, it resulted as directly and as necessarily from the order of the aldermen as if it had been of a permanent character.   In proceedings of this kind, all damages that result directly from the action of the public authorities, for which the statute gives damages, are to be included.   We know of no adjudication, nor of any sound principle that precludes the petitioners from recovering such damages as they suffered from the deprivation of access from their property to the public streets as a necessary result of the change ordered by the aldermen.   It will seldom happen that the execution of such an order will cut off access in all directions to the public streets of a city, which before had been enjoyed as an attribute of the property.   When it does happen, in a case in which the statute makes compensation for damages, such damages are recoverable.   In the opinion of a majority of the court the entry should be,

*New trial ordered.*