## ISABELLA MUNN vs. CITY OF BOSTON.

Suffolk.    April 2, 1903. — May 22, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Damages.    Way.*

A person, whose real estate is entirely cut off for a period of four months from
access to the public streets of the city in which it is situated by the construction
of a highway on which it does not abut, to which he owns a legal right of access
from his lot, has suffered a special and peculiar damage for which he is entitled
to compensation.

PETITION, filed April 27, 1900, for assessment of damages to
the real estate of the petitioner from the locating anew and con-
struction of Lauriat Avenue in Boston.

In the Superior Court the case was tried before *Sherman*, J.
It was agreed that the necessary expense incurred by the peti-
tioner in changing the grade of Johnson Terrace to connect
with Lauriat Avenue was $60, and it was further agreed, that
by the laying out, locating anew and construction of Lauriat
Avenue, the rental value of the petitioner's estate was decreased
to the amount of $500, she having lost rents to that amount
which otherwise she would have obtained for her houses.    The
jury were allowed, by agreement of parties, to assess the dam-
ages for the two items at the sums named, and the judge ruled
that the petitioner was entitled to recover the full amount.    By
agreement of parties he reported the case for determination by
this court.

If the petitioner was entitled to recover only the expense in-
curred by her in changing the grade of Johnson Terrace, judg-
ment was to be entered for her in the sum of $60, with interest
and costs.    If she was entitled to recover only for the loss of
rents and decrease of rental value, judgment was to be entered
for the petitioner in the sum of $500, with interest and costs.
If she was entitled to recover damages, both for the expense of
grading, and the loss of rents, judgment was to be entered for
the petitioner in the sum of $560, with interest and costs.    If
she was not entitled to recover at all, judgment was to be
entered for the respondent.

*N. D. A. Clarke,* for the petitioner.

*A. L. Spring,* for the respondent.

KNOWLTON, C. J. This is a petition for the assessment of damages caused to the petitioner's estate by the laying out, locating anew and constructing of a highway named Lauriat Avenue, in the city of Boston. The owners of land adjacent to Lauriat Avenue had previously laid it out in building lots along a private way called Johnson Terrace, which they established, leading southerly from Lauriat Avenue nearly at right angles to it. In selling the lots along Johnson Terrace, they bounded the grantees on this private way, and thereby gave them severally an easement of a right to travel over it to and from Lauriat Avenue. The petitioner is the owner of two of these lots, lying about one hundred and twenty-five feet from the line of Lauriat Avenue, with a dwelling house containing three tenements upon each of the lots. Her deed gave her an easement in Johnson Terrace as a private way.

Acting under the St. 1891, c. 323, the board of street commissioners, on April 27, 1899, laid out and located anew Lauriat Avenue, according to lines and modes of construction stated in the order. This statute, in § 10, provides that any person injured in his property by the laying out of a street " may have the same remedies as are now provided by law for persons so injured by the laying out of highways in said city." The law providing these remedies was found at that time in Pub. Sts. c. 49, §§ 84, 85, 86. There is nothing in these sections which indicates that the mode of assessment is to be any different from that stated in Pub. Sts. c. 49, § 16, where it is provided that in estimating this damage "regard shall be had to all the damages done to the party, whether by taking his property or injuring it in any manner."

In doing this work the grade of Lauriat Avenue was lowered at its junction with Johnson Terrace, so that there was a perpendicular descent of four or five feet from the private way to the avenue, and the superintendent of streets built a substantial fence on the side line of Lauriat Avenue across the entrance to Johnson Terrace, and put barriers across Lauriat Avenue on either side of Johnson Terrace at a distance of about two hundred feet therefrom, which effectually prevented access to that

part of Lauriat Avenue into which Johnson Terrace led. These fences and this abrupt descent from the grade of the private way to the grade of the avenue remained four months or more, and prevented ingress and egress to and from Johnson Terrace. It was necessary for the petitioner to expend $60 in reducing the grade of Johnson Terrace to make a convenient connection with the newly constructed avenue, and, by reason of loss of access to her houses from the public streets, she lost rents amounting to $500.

It is established under the statute before us and other similar statutes that if, from the laying out and construction of a public way, damage results to real estate which is direct and proximate, as distinguished from remote and consequential, and which is special and peculiar as distinguished from general, the fact that the property does not abut upon the public way will not bar a recovery. *Dodge* v. *County Commissioners*, 3 Met. 380. *Parker* v. *Boston & Maine Railroad*, 3 Cush. 107. *Marsden* v. *Cambridge*, 114 Mass. 490. *Webster* v. *Lowell*, 142 Mass. 324. *Trowbridge* v. *Brookline*, 144 Mass. 139. *Dana* v. *Boston*, 170 Mass. 593. *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180. *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351. Of course there are numerous kinds of damage which can only be suffered by abutting estates, and the damage claimed in this case, which was caused by interference with the petitioner's right of access to the public streets, would be general damage for which there can be no recovery were it not for the fact that she was the owner of a right of passage to the avenue over the abutting property. In this respect the case is identical with *Webster* v. *Lowell*, 142 Mass. 324, except that the damage in the present case was suffered for only about four months, while the damage in that case was permanent. In that case the claim was for damages for the discontinuance of a part of a street, and the petitioner's estate did not abut upon the part discontinued, but he had acquired by prescription a right of way over the land of an abutter, whereby he had a right of access directly to the part discontinued. In *Parker* v. *Boston & Maine Railroad*, 3 Cush. 107, the facts are not very fully reported, but it is held that the petitioner, who was not an abutter upon the railroad, might recover for the obstruction of a private way over which

he had a right to travel to reach the highway.    These two cases fully cover the case at bar, except upon the question whether one can recover for a damage that continues only a few months during the period of construction, if it is of a kind for which he may recover where it is permanent.    This point is decided by *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351, which is also an authority for the proposition that damage from being cut off from access to the public streets is a special and peculiar damage for which the statute gives compensation.    It is also covered by *Penney* v. *Commonwealth*, 173 Mass. 507; *Edmands* v. *Boston*, 108 Mass. 535; *Bailey* v. *Boston & Providence Railroad*, 182 Mass. 537.

The petitioner, owning a right to enter upon Lauriat Avenue, was unable to use that right for four months.    Her property was entirely cut off from access to the public streets during all that time, and the value of the property for use was materially diminished.    This was a special and peculiar damage for which she was entitled to reasonable compensation.

*Judgment for the larger sum.*