## ANN SHEEHAN vs. CITY OF FALL RIVER.

Bristol.    October 25, 1904. — February 27, 1905.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Damages.    Grade Crossing Acts.    Landlord and Tenant.*

Under St. 1900, c. 472, a special act providing for the abolition of certain grade crossings in Fall River and incorporating the provisions of the general grade crossing acts in regard to damages, the owner of a wooden building standing on the land of another, holding the land under the building as a tenant at will, is entitled to damages for injury to the building and to his estate at will from a change of grade in a public way on which his building abuts. In assessing such damages the nature of the petitioner's title and the right of the owner of the land to terminate the tenancy by grant or by giving the notice required by statute should be considered.

One owning a building abutting on a street, the grade of which has been changed in the abolition of a grade crossing, is entitled under the provisions of the grade crossing acts to damages for impairment of the use of his building by access to it being made more difficult although not entirely cut off while the work was going on, this being a special and peculiar injury not shared by the public.

PETITION, filed August 8, 1902, by the owner of a building on the west side of Davol Street in the city of Fall River, standing on land held by the petitioner under " an oral lease from year to year at an annual rental payable in monthly instalments," for the assessment of damages under St. 1900, c. 472.

In the Superior Court the case was tried before *Harris*, J., who ruled that the petitioner could not recover, and ordered a verdict for the respondent. At the request of the parties the judge reported the case for determination by this court. It was agreed that the damage to the petitioner for interference with access to her building was $25, and that " if the petitioner could, in law, suffer any other damage, the amount of the damage was $409." It also was agreed that a settlement had been made by the respondent with the owners of the real estate, but that in that settlement nothing was paid for the injury to the petitioner's property, and the damages to the petitioner's property formed no part of the consideration of that settlement, and that if one person owned both the land and the buildings, the damages to both land and buildings would be $434 more than was

paid to the owners of the land. The petitioner still occupied the premises under her oral lease. If the petitioner could recover both amounts judgment was to be entered for the petitioner for $434, if only one amount for that amount, with interest from January 1, 1902. If the petitioner could not recover, judgment was to be entered for the respondent.

*J. W. Cummings & C. R. Cummings,* for the petitioner.

*F. S. Hall,* (*H. A. Dubuque* with him,) for the respondent.

BRALEY, J. Under the provisions of St. 1900, c. 472, the grade of the street on which the petitioner's building abutted was lowered, by which substantial alterations were required to adjust the property so that it could be used conveniently. Her estate or interest in the land on which it stood being created by a parol lease she was a tenant at will. Pub. Sts. c. 120, § 3.

If she is entitled to recover damages caused by changing the grade they must be assessed for injury to her estate, which for this purpose includes not only the building, but her right to the possession of the land. The respondent, indeed, does not deny that her property has been damaged, but relies solely on the defence that there is no remedy for the injury, and this presents the main question to be decided.

Before relief is denied the laws relating to the abolition of grade crossings must receive a construction in the case before us which limits their application to an estate in lands created by a formal written instrument, and refuses compensation for damages to similar property when held by parol tenure.

The provisions of St. 1890, c. 428, § 5, as amended by St. 1891, c. 123, § 1, providing for the payment of damages either for land taken, change of grade, or the discontinuance of a public way, and to which reference is made in the special act under which this work was done, refer for their application to Pub. Sts. c. 49, §§ 14 and 16, and c. 112, § 95. It was provided by the original statute that "All damages sustained by any person in his property . . . by the alteration of the grade of, a public way", if the parties interested cannot agree, are to be ascertained in the same manner and under like rules of law which obtain as to the assessment of damages "when occasioned by the taking of land for the locating and laying out of railroads and public ways." Whether this double reference only points

out the method of procedure or indicates the extent to which damages may be awarded is not of importance, as under all these statutes the provisions for compensation are substantially similar. *Natick Gas Light Co.* v. *Natick*, 175 Mass. 246, 247, 248. *Sheldon* v. *Boston & Albany Railroad*, 172 Mass. 180.

The right to compensation arising under remedial statutes of this character has not been limited to the landowner alone, whose land is taken, but has been extended to include those having an interest in real property that is injured, though not taken, nor abutting on lands that have been taken. *Ashby* v. *Eastern Railroad*, 5 Met. 368, 372. *Parker* v. *Boston & Maine Railroad*, 3 Cush. 107. *Marsden* v. *Cambridge*, 114 Mass. 490. *Trowbridge* v. *Brookline*, 144 Mass. 139, 141. *Sheldon* v. *Boston & Albany Railroad, ubi supra. Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351, 353, and cases cited. *Munn* v. *Boston*, 183 Mass. 421.

An equally extensive right of recovery has been recognized for damages caused by a change of grade in making specific repairs under Pub. Sts. c. 49, §§ 68, 69, *Collins* v. *Waltham*, 151 Mass. 196, 198, *Dana* v. *Boston*, 170 Mass. 593, 595, and also under similar language in the metropolitan sewerage act, St. 1889, c. 439, as amended by St. 1890, c. 270. *Penney* v. *Commonwealth*, 173 Mass. 507, 510.

An examination of the cases on which the respondent principally relies fails to show any narrowing of this rule of construction, or any decision which prevents the petitioner from recovering damages.

In the case of *Rand* v. *Boston*, 164 Mass. 354, there was no alteration of grade, and the petitioners' estate was not affected by any structural change in the street, while in *New York, New Haven, & Hartford Railroad* v. *Blacker*, 178 Mass. 386, which follows *Edmands* v. *Boston*, 108 Mass. 535, it was decided that damages arising from interruption of business, or from moving the contents of a building that had been cut off, or from waste in handling coal that had to be removed, though caused by the taking, were consequential in character and could not be recovered.

Nor do the cases of *Emerson* v. *Somerville*, 166 Mass. 115, 117, *Emery* v. *Boston Terminal Co.* 178 Mass. 172, and *Wil-*

*liams* v. *Commonwealth,* 168 Mass. 364, 366, sustain its position. In the first case the petitioner, who formerly had been a tenant at will of land acquired by the respondent for the purpose of laying out a public park, sought to recover damages for his buildings standing on the land at the time of purchase, but it was held that by the conveyance he had become a tenant at sufferance, and the respondent had not taken his buildings. It was said in the opinion by Holmes, J., " We need not go so far as to say that no remedy is given in the case of personal property, or that there is no compensation for detriments which by the common law apart from the statute an owner of the fee would have a right to inflict. See *Lincoln* v. *Commonwealth,* 164 Mass. 368, 375; *Stanwood* v. *Malden,* 157 Mass. 17 ; *Woodbury* v. *Beverly,* 153 Mass. 245."

In the second case the taking was January 5, 1897, and the petition was filed May 5, 1897. The petitioners had a written lease of the premises the last extension of which expired May 1, 1897. They claimed that it had been extended for either one or two years by negotiations begun before, but completed after the taking. But it was held that the title of the petitioners and the nature and quality of their estate should be fixed as of the date of the taking, and the question now presented did not arise.

The life tenant was not allowed to prevail in *Williams* v. *Commonwealth* for improvements made by him, on the ground that the respondent had paid to the remainderman, with the assent of the petitioner, a sum representing the market value of the estate, and there was nothing to show they were not included in the taking, as until severance they were part of the real estate. There had been no severance, and the petitioner when he received his proportionate part of the damages, as between himself and the remainderman, was held to have got all that he was justly entitled to, and compensation was thus afforded for property taken.

In the petitioner's case her building was in the nature of fixed property located on the line of the street. It was directly affected by the work done, and no question of remote damages is presented by this branch of the case.

Among the rights incident to her tenancy she could have

maintained an action for any wrongful invasion of her premises, or injury to her building while her possession continued, *Dickinson* v. *Goodspeed*, 8 Cush. 119, though at common law no action could be maintained against the respondent, who in a lawful manner, and without negligence, was engaged in carrying out a public improvement duly authorized by law. *Dodge* v. *County Commissioners*, 3 Met. 380, 383. *Purinton* v. *Somerset*, 174 Mass. 556.

The settlement made with the landowner did not include her damages, for he asserted no title to the building, which could have been removed at any time before her estate terminated, and she is not precluded from recovery on the ground that it had become a part of the realty. See *Howard* v. *Fessenden*, 14 Allen, 124, 128.

Manifestly then if the respondent's argument is to prevail there may be a very serious and substantial injury done to rights of property in the conduct of such an undertaking for which no remedy is provided.

On principle no sufficient reason appears why the owner of a building of the description, and held under the conditions disclosed by the report, and where it is agreed that substantial damages have been sustained by a change of grade in a public way on which it abuts, should not be treated as between herself and the public as possessing a sufficient interest in real estate to enable her to maintain a petition under the terms of a statute broad enough to include compensation. *Ashby* v. *Eastern Railroad*, 5 Met. 368. See also in this connection *Currier* v. *Barker*, 2 Gray, 224, 226 ; *McGee* v. *Salem*, 149 Mass. 238, 240.

We are of opinion that the words " all damages sustained " in the statute under consideration, when applied to a change of grade in an established public way, should be held to cover compensation for injuries caused to a building located on the line of the street, and substantially annexed to the soil, though as between the owner of the fee and the owner of the building it is a tenant's fixture which may be removed, and thus give the petitioner a remedy to recover the damages she has suffered.

The measure of recovery is determined in this case by the agreement of the parties. But ordinarily the damages to be assessed would be found in the difference between the value

of the property as a whole before the change of grade, and its value thereafter.   In such an assessment the nature of the title, and the right of the lessor to determine the tenancy, either by grant or by giving the proper statutory notice are important, as affecting the amount that should be awarded.

By the terms of the report the petitioner also asks for damages sustained by the impairment of the use of her property during the time the work was being done, because full access to the building was cut off, though it was not rendered wholly inaccessible from the street.

Any inconvenience caused to the general public and any caused to her by the change of grade whereby the street was rendered less convenient for use was the same in kind, even if because she lived in the street she may have been put to greater annoyance than was suffered by those who used it generally as travellers, and does not give to her any claim for damages from this cause.

But if during the time the work was being done access to her building was thus rendered more difficult, this was an injury special and peculiar to her use of the premises, and for which she is entitled to recover.   *Woodbury* v. *Beverly*, 153 Mass. 245, 248.   *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351. *Bailey* v. *Boston & Providence Railroad*, 182 Mass. 537, 540.

In accordance with the terms of the report there must be judgment for the petitioner in the sum of $434.

*So ordered.*