FREDERIC R. CUTTER & another vs. CITY OF BOSTON.

Suffolk. November 12, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Damages*, For property taken or injured under statutory authority. *Grade Crossing Acts. Way*, Private. *Evidence*, Opinion: expert.

A person whose property is injured by the obstruction or taking of a private way in the abolition of a grade crossing under St. 1890, c. 428, may recover damages under § 5 of that statute, such injury differing from that ordinarily caused by the discontinuance of a public way in being special and peculiar.

On the question of the damaging effects upon a petitioner's property of the obstruction of a private way in the abolition of a grade crossing, a witness may be found by the presiding judge to be qualified to testify as an expert if it appears that, in addition to a long experience as an auditor in this class of cases and as a former judge of the Superior Court, he is the owner of the legal title to and the manager of an estate adjoining the petitioner's property and has been familiar with the neighborhood for many years, although he does not profess to have much knowledge of the market price of real estate there, he not being asked to state the damage in money but only the general effect of the change upon the petitioner's estate and the percentage of value taken away.

PETITION, filed on April 3, 1901, under St. 1890, c. 428, § 5, for the assessment of damages caused by the abolition of a grade crossing as described in the opinion.

In the Superior Court the case was heard by *Gaskill*, J. The facts which appeared in evidence are stated in the opinion.

The petitioners introduced the testimony of various expert witnesses tending to show that the raising of the grade of Cambridge Street, by cutting off access through Crafts Street, had depreciated the market value of their land. Among those who testified as to the damage to the petitioners' land was Hon. Henry Wardwell, formerly a justice of the Superior Court, who was executor under the will of the former owner of the lot on Roland Street next east of the petitioners' land, and as such executor held the title to that lot at the time of the trial. The judge permitted him to testify, subject to an exception by the respondent as to his qualification as an expert.

At the close of the evidence, the respondent asked the judge to make the following rulings:

1. On all the evidence the verdict must be for respondent.

2. The petitioners are not entitled to recover for damage to their property by the closing of Crafts Street.

3. As other access remained, the damage to the petitioners' property by the closing of Crafts Street was not special and peculiar.

The judge refused to give these rulings, and submitted the case to the jury under instructions which permitted them to consider the damages to the petitioners' lot by the closing of Crafts Street. The respondent excepted. Full instructions were given to the jury which it was agreed were appropriate, except so far as they were inconsistent with the respondent's request for rulings, and no other exceptions were taken.

The jury returned a verdict for the petitioners in the sum of $2,266.87 ; and the respondent alleged exceptions.

*P. Nichols*, for the respondent.

*C. F. Jenney & S. Robinson*, for the petitioners, were not called upon.

KNOWLTON, C. J. This was a petition to recover damages, under the provisions of St. 1890, c. 428, § 5, for injury to the land of the petitioners by the abolition of the grade crossing of the Boston and Maine Railroad at Cambridge Street, in that part of Boston which was formerly Charlestown. The petitioners' premises were situated at the corner of Crafts Street and Roland Street, which were private ways through which the petitioners had rights of passage appurtenant to their land. Crafts Street led directly to Cambridge Street, which was the nearest highway, and Roland Street ran parallel to Cambridge Street, and was connected with it by another private way called Crescent Street, in which the petitioners also had rights of passage. Crafts Street and Crescent Street entered Cambridge Street at grade. By the abolition of the grade crossing Cambridge Street was carried over the tracks of the railroad, and its grade at the intersection of Crafts Street was raised about seven feet. The decree provided " that the northerly end of Crafts Street be closed to all travel." Crafts Street was left at its former grade, terminating at the bottom of a stone wall seven feet high, forming the abutment of Cambridge Street. The petitioners' premises had no access to any public street except

over some of these private ways, and, after access with teams to Cambridge Street by way of Crafts Street was cut off, the only access of this kind to that street was by a circuitous route which was comparatively inconvenient for the occupants of the property. The respondent contended that there was no liability, either on the part of the city or the railroad, for the damage to the petitioners' estate from cutting off access through Crafts Street to Cambridge Street.

The question thus raised is answered favorably to the petitioners by the decisions in *Munn* v. *Boston*, 183 Mass. 421, and *Webster* v. *Lowell*, 142 Mass. 324. See also *Sheehan* v. *Fall River*, 187 Mass. 356, 361. The petitioners were the owners of an interest in the land in Crafts Street where it abutted upon Cambridge Street. Apart from their right as owners of an easement in the premises abutting on Cambridge Street, they were entitled to damages to their real estate at the corner of Crafts Street and Roland Street, with its appurtenances, by reason of the effect of the change of grade upon the value of that property for use.

The principal contention of the respondents' counsel is that, because damages are not allowed for the discontinuance of a public way to persons who have other access to the public streets, and whose estates do not abut on the part of the way discontinued, no damage should be allowed to persons whose property is damaged by the obstruction or taking of a private way. See *Smith* v. *Boston*, 7 Cush. 254; *Davis* v. *County Commissioners*, 153 Mass. 218; *Hammond* v. *County Commissioners*, 154 Mass. 509; *Hyde* v. *Fall River*, 189 Mass. 439. But the reason why damages are not allowed in this last class of cases is that they are general, and not special and peculiar; in other words, they do not differ in kind from those suffered by the public generally, although they may be much greater in degree. The reasons for the distinction are stated fully in the cases just cited. But in the present case the damages are special and peculiar. The public have no rights in these private ways, and they suffer no damages from the obstruction of Crafts Street at its junction with Cambridge Street. See *Munn* v. *Boston*, *ubi supra*, and *Putnam* v. *Boston & Providence Railroad*, 182 Mass. 351.

The presiding judge properly might find that Judge Wardwell was qualified to testify as an expert as to the damaging effects of the change upon the petitioners' property.   In addition to a long experience as auditor in this class of cases, and as a former judge of the Superior Court, he was the owner of the legal title to and the manager of an estate adjoining the petitioners' prop- erty and had been familiar with the neighborhood for many years, although he did not profess to have much knowledge of the market price of real estate there.   He was not asked to state the damage in money, but only the general effect of the change upon the estate, and the percentage of value taken away. *Whitman* v. *Boston & Maine Railroad*, 7 Allen, 313, 319, 329. *Brainard* v. *Boston & New York Central Railroad*, 12 Gray, 407, 409, 411.  *Swan* v. *Middlesex*, 101 Mass. 173, 177.  *Dwight* v. *County Commissioners*, 11 Cush. 201.

*Exceptions overruled.*