F. F. WOODWARD COMPANY *vs.* CITY OF FITCHBURG.

Worcester. September 27, 28, 1920. — October 15, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Damages*, For property taken or damaged under statutory authority. *Sewer.* *Practice, Civil*, Report.

A report, by a judge before whom was heard a petition for the assessment of damages, alleged to have been suffered by the proprietor of a general grain, hay and feed business at wholesale and retail and incident to the construction by a city

of a sewer, of a refusal by him at the close of the evidence to rule that as a matter of law the petitioner was not entitled to damages, showed that the case had been fully tried and stated that no question was "raised as to the sufficiency of or as to the date of filing or bringing petition," and that judgment was to be entered for the petitioner in the amount of a verdict found by the jury, with interest, if "petitioner was entitled to recover damages." *Held,* that upon the record the petition must be considered as adequate for the giving of appropriate legal relief on the evidence, both because of the terms of the report and because the case had been fully tried.

In St. 1912, c. 440, empowering the city of Fitchburg to do the work, previously authorized by St. 1901, c. 354, of constructing, maintaining and operating main drains and common sewers, giving in express words authority not in terms conferred by the earlier statute, providing that the city should pay not only all damages sustained by reason of the taking of any interest in land, but also damages resulting from "any other thing done by [it] . . . under the authority of this act," and in terms repealing so much of the earlier statute as was inconsistent with it, the provision as to damages was intended to enlarge the provision contained in the earlier statute, and entitled a merchant to damages resulting from access to his premises being cut off by work in the construction of a trunk sewer in a public way adjacent thereto, although there was no taking of any of his property.

Upon a report, after the trial of a petition by a merchant for the assessment of damages under Sts. 1901, c. 354; 1912, c. 440, resulting from access to his place of business in Fitchburg being temporarily cut off by operations in an adjacent public way incident to the laying of a sewer, of the correctness of a refusal by the judge to rule that as a matter of law the petitioner was not entitled to damages, the report stating that, if the judge's action was correct, judgment should be entered in the amount of a verdict found by the jury with interest, it is not open to the respondent to contend that the petitioner was not entitled to recover at all because the damages were assessed on the basis of loss of business, it appearing that the temporary loss of access to the petitioner's place of business entitled him to some damages, which justified the refusal of the judge to give the ruling asked for, and the method of and the proper rules for assessing the damages not appearing to have been raised at the trial by the respondent.

PETITION, filed on June 19, 1916, for a jury to assess damages alleged to have resulted to the petitioner from access to his place of business being cut off temporarily during the laying of a trunk sewer on River Street in Fitchburg.

At the trial of the petition in the Superior Court, before *Cox, J.,* · the parties agreed to the following facts:

"Pursuant to legislative authority and direction, as set forth in St. 1901, c. 354, St. 1910, c. 461, and St. 1912, c. 440, the city during the past five years, (both before and after the grievances set forth in the petition,) was engaged in the construction of a new sewage system; that all of such construction was under the direction and subject to the control of a board of sewage dis-

posal commissioners, created by the statutes above noted; that, as one part of such system a sewer was laid along River Street in said Fitchburg in the spring and early summer of the year 1914; that this particular sewer construction work extended along the entire street frontage of petitioner's real estate, elevator and warehouses; that the petitioner's said buildings and real estate are bounded on one side by the Nashua River and on the other side by said River Street; and the petitioner's sole means of access to and from its real estate and buildings is through River Street; that the petitioner's spur track crosses River Street at a point in front of its buildings; that said River Street is a public way in the city of Fitchburg; that said spur track has been in use for many years and was legally authorized and established about the year 1875; that the petitioner is engaged in business substantially as set forth in its petition [a general grain, hay and feed business . at wholesale and retail]; that because of the construction of said sewer in said River Street, alongside petitioner's elevator and warehouses, which construction was entirely within the limits of the street location (the said construction work being but temporary), access to and from the buildings of the petitioner was interrupted from June 6, 1914, to July 1, 1914; that, specifically, the spur track of the petitioner was completely blocked from June 6, 1914, to June 15, 1914, inclusive; that all interruptions and blocking was necessary in order that the construction work in placing the sewer in the street might be carried out and completed; that no part of the petitioner's land was used in this construction work."

The parties were unable to agree on the issues, how long the petitioner's warehouses were blocked from retail trade, the nature of the blocking of the access to the petitioner's buildings, and the amount of the petitioner's damages; and there was conflicting evidence on those issues, material portions of which are described in the opinion.

At the close of the evidence, the respondent asked the judge to rule that as a matter of law the petitioner was not entitled to damages. The judge refused so to rule. The jury found for the petitioner in the sum of $1,746.25, and the judge reported the case to this court for determination of the correctness of his refusal to rule as requested by the respondent, no question being "raised as to the sufficiency of or as to the date of filing or bringing peti-

tion," judgment to be entered for the petitioner in the amount of the verdict with interest from its date if "petitioner was entitled to recover damages."

*E. W. Baker,* for the petitioner.

*C. T. Flynn,* for the respondent.

JENNEY, J.   The petitioner, a wholesale and retail dealer in grain, hay and "kindred merchandise," claims damages because all access to its warehouses for the requirements of its wholesale and retail trade was cut off for a substantial time, owing to the construction by the respondent of a trunk sewer, entirely on the public way which formed the only means of entrance to its land.

The case, after a verdict for the petitioner, comes before this court upon a report by a judge of the Superior Court wherein it is recited that no question was made as to "the sufficiency of or as to the date of filing" the petition for the assessment of damages, and that there was "evidence that, due to this blocking and construction, the petitioner suffered damages in excess of the amount awarded by the jury."

No question is directly presented relating to the form of the petition, to the admission of evidence, to the instructions given to the jury relating to the measure of damages or to any other matter involved in the case, the only exception being to the refusal of the judge "to rule that as a matter of law the petitioner is not entitled to recover damages," which request was properly made by a motion for direction of a verdict.

Even if it be assumed that the petition alleges damages solely because of a loss of business as such, the form of the petition is not open to the respondent.   Where no objection is made because of the "sufficiency" of a petition, it must be considered as adequate for the giving of appropriate legal relief on the evidence. Moreover the case was fully tried, and the same result would follow apart from the terms of the report.   The ruling now the subject of contention was not based upon the petition and evidence, and the language of the report shows that no matter of form was in controversy.   If the respondent desired to raise the question that the petition did not set forth facts entitling the petitioner to recover at all, it should either have demurred or raised the defence by an explicit request for a specific ruling to that effect and, failing so to do, it must be deemed to have waived that objection.

*Harris* v. *North American Ins. Co.* 190 Mass. 361. *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70. *Lafrance* v. *Desautels*, 225 Mass. 324.

By St. 1901, c. 354, the city of Fitchburg was authorized to construct, maintain and operate main drains and common sewers over a part or the whole of its territory, and also a system of sewage disposal. The statute provided that the city might take by purchase, or otherwise, any interest in real estate necessary to carry the conferred powers into effect, and that it might pay such damages as the owner or owners of any interest so taken should sustain by reason of such taking. It provided no remedy for damages except where there had been a taking under its terms.

St. 1912, c. 440, in substance, empowered the city to do the work previously authorized by St. 1901, c. 354, but gave in express words authority not in terms conferred by that statute, and provided that it should pay not only all damages sustained by reason of the taking of any interest in land, but from "any other thing done by [it] . . . under the authority of this act." It also in terms repealed so much of the earlier statute as was inconsistent with it.

It is urged by the respondent that the construction of the sewer in front of the petitioner's lands was under the authority of St. 1901, c. 354, and not under that conferred by St. 1912, c. 440, and that the broad provision as to damages quoted above does not apply, because the sewer was not constructed under the latter statute. The two statutes must be construed together; so construed, it plainly appears that this provision is intended to cover all work of the kind authorized or purporting to be authorized under the latter statute; and further, that the provision as to damages is intended to enlarge that contained in the earlier statute. See *Frost* v. *Wenie*, 157 U. S. 46, 58; *Commonwealth* v. *Flannelly*, 15 Gray, 195.

The respondent strongly contends that the petitioner is not entitled to recover at all, because it appears that damages were assessed on the basis of loss of business. It is unnecessary to consider the effect, under statutes like that now under consideration, of the principles laid down in *Edmands* v. *Boston*, 108 Mass. 535, *Chelsea Dye House & Laundry Co.* v. *Commonwealth*, 164 Mass. 350, *Williams* v. *Commonwealth*, 168 Mass. 364, *New York, New Haven,*

& *Hartford Railroad* v. *Blacker,* 178 Mass. 386, and *Boston Belting Co.* v. *Boston,* 183 Mass. 254, as no such issue was raised by any exception to the admission of evidence or request for ruling.   The only question is whether there was evidence warranting the submission of the case to the jury.   The statute provided for damages, not only by reason of the taking of any interest in land, but from "any other thing" done by the city under its authority.   The petitioner's land was entirely cut off from all access to the public streets and this must be assumed to have been a necessary consequence of the building of the sewer.   This was a special and peculiar damage.   *Putnam* v. *Boston & Providence Railroad,* 182 Mass. 351.   *Munn* v. *Boston,* 183 Mass. 421.   Under the broad provision of the statute the petitioner, although none of its land was taken, and although the sewer was constructed in a public street, was at least entitled to the damages sustained by it in the loss of the use of its property, although the injury continued but a short time, the injury being of a kind for which the petitioner would have been entitled to damages had it been permanent.   *Trowbridge* v. *Brookline,* 144 Mass. 139.   *Sheldon* v. *Boston & Albany Railroad,* 172 Mass. 180.   *Bickford* v. *Hyde Park,* 173 Mass. 552.   *Putnam* v. *Boston & Providence Railroad, supra.   Munn* v. *Boston, supra.*

The situation and the use made of the property were admitted in evidence without exception, and could be considered by the jury in determining the damages which the petitioner received.   *Pegler* v. *Hyde Park,* 176 Mass. 101.   *Wellington* v. *Cambridge,* 220 Mass. 312.

No error appearing, the respondent's exception must be overruled and judgment entered for the petitioner for $1,746.25 with interest from the date of the verdict, in accordance with the terms of the report.

*So ordered.*