NEW YORK, NEW HAVEN AND HARTFORD RAILROAD
COMPANY *vs.* FRED A. DEISTER.

Suffolk.    March 26, 27, May 18, 1925. — June 27, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction,* To prevent irreparable injury, To enjoin nuisance,
To enjoin operation of motor buses in violation of statute.   *Nuisance.*
*Motor Vehicle,* Motor buses.   *Carrier,* Of passengers.   *Railroad.*

A railroad corporation, which operates a railroad between Boston and
Brockton through the intermediate municipalities of Milton, Quincy,
Braintree, Randolph, Holbrook and Avon under a valid franchise con-
ferred by this Commonwealth, which has a large investment of taxable
property in the enterprise and which has complied with all controlling
laws and in the exercise of its franchise operates trains as a common
carrier of passengers for hire, may maintain a suit in equity to enjoin
the operation of motor buses for the carriage of passengers for hire on
public highways between Boston and Brockton, with a fixed terminus
in each city, by a person who has not complied with G. L. c. 159, § 45,
and has not procured licenses in Boston or in Brockton or in any inter-
vening municipality, and whose route parallels the railroad, thus
causing competition with the railroad which results in a substantial
loss of passenger revenue to it.

The operation of buses by the defendant in the suit above described con-
stituted "transporting passengers for hire as a business between fixed
and regular termini," as those words are used in G. L. c. 159, § 45, and
was a violation of § 46 of the statute.

G. L. c. 159, §§ 45, 46, are constitutional.

The prevention of continuing an irreparable injury to property is a
familiar ground for the interposition of equitable relief by way of in-
junction, and the mere circumstance that the acts sought to be enjoined
on that ground might also constitute a crime does not prevent the
granting of equitable relief.

The railroad corporation had a franchise right to transport passengers
between the points named and, although such right was not exclusive
against other grants authorized by the Legislature, it was exclusive
against one conducting competition, as was the defendant in the suit
above described, without a franchise or license and contrary to law.

Operation of buses on the public highways and in municipalities in viola-
tion of G. L. c. 159, §§ 45, 46, constitutes a nuisance which may be
enjoined in a suit brought by one who suffers private, special and
peculiar injury as distinguished from the public wrong through its
maintenance.

The remedy afforded by G. L. c. 159, § 40, enabling the department of public utilities through the Attorney General to invoke relief by mandamus or injunction, is for the benefit of the public, and did not preclude the plaintiff from maintaining the suit above described.

BILL IN EQUITY, filed in the Superior Court on January 23, 1925, to enjoin the defendant "from operating any motor vehicle on any public way for the carriage of passengers for hire as a business between said Boston and Brockton and/or intermediate points unless and until the defendant shall have obtained a valid license therefor from the city council of every city and the selectmen of every town in or through which such motor vehicle is operated."

The defendant demurred for want of equity. The demurrer was heard by *Lummus*, J., by whose order there was entered a decree overruling it. The defendant then answered and the suit was heard by the same judge upon an agreed statement of facts, and by his order a final decree was entered enjoining the defendant "from operating any motor vehicle upon any public way for the carriage of passengers for hire as a business, to Boston from Brockton or from any point intermediate between Brockton and Boston, or to Brockton from Boston or from any point intermediate between Boston and Brockton, in such a manner as to afford a means of transportation similar to that afforded by a railway company, without first obtaining a valid license therefor from the city council of every city and the selectmen of every town in or through which such motor vehicle shall be so operated, in accordance with the provisions of G. L. c. 159, §45; and that the defendant pay to the plaintiff costs in the sum of $13.45, and that execution in common form issue therefor." The defendant appealed.

*D. B. Pattison*, for the defendant.

*Joseph Wentworth*, for the plaintiff.

RUGG, C.J. The plaintiff operates a railroad between Boston and Brockton through the intermediate municipalities of Milton, Quincy, Braintree, Randolph, Holbrook and Avon under a valid franchise conferred by this Commonwealth. It has a large amount of property invested in this enterprise, on which it pays a considerable annual tax. It

has complied with all controlling laws and in the exercise of its franchise operates trains as a common carrier of passengers for hire. The defendant operates motor vehicles known as "motor buses or coaches" for the carriage of passengers for hire on public highways between Boston and Brockton, having a fixed terminus in each city. The defendant has no license for the operation of such motor vehicles in the city of Boston or in any intervening municipality. It has no license granted and approved according to law in Brockton. The route of the defendant's motor vehicles parallels in general the railroad of the plaintiff between Boston and Brockton. The competition of the defendant causes a substantial loss of passenger revenue to the plaintiff.

The operation by the defendant of his motor vehicles constitutes "transporting passengers for hire as a business between fixed and regular termini," as those words are used in G. L. c. 159, § 45. Those words are not confined to termini within a single city or town. That was decided in *Commonwealth* v. *Theberge*, 231 Mass. 386, when the words of the statute differed in no material respect, so far as this point is concerned, from the present phraseology. It follows that the defendant in operating his motor vehicles is violating G. L. c. 159, §§ 45, 46, whereby such operation is prohibited without the required licenses. He is thereby subject to prosecution for the misdemeanor created by G. L. c. 159, § 49.

The constitutionality of the several sections of the statute already cited has been established. It requires no further discussion. *Commonwealth* v. *Slocum*, 230 Mass. 180. *Burgess* v. *Mayor & Aldermen of Brockton*, 235 Mass. 95, 99. *Packard* v. *Banton*, 264 U. S. 140.

The mere fact that the defendant is committing a crime in the operation of his motor vehicles affords no justification for a private individual to invoke equitable relief by injunction. The ordinary processes of the criminal courts offer the remedy provided by law. *Jenks* v. *Williams*, 115 Mass. 217. *Rudnick* v. *Murphy*, 213 Mass. 470, 471. *O'Keefe* v. *Sheehan*, 235 Mass. 390. On the other hand, the single fact that the act of a defendant may subject him to

criminal prosecution is not a bar to the issuance of an injunction when required by the general principles of equity jurisprudence. The prevention of continuing and irreparable injury to property is a familiar ground for the interposition of equitable relief by way of injunction. The circumstance that the act enjoined may also constitute a crime does not stay the equitable relief. *Vegelahn* v. *Guntner*, 167 Mass. 92, 99. This principle is illustrated by cases where an injunction is issued to prevent prosecution for crime under an unconstitutional statute. *Shuman* v. *Gilbert*, 229 Mass. 225, 227, and cases there reviewed.

The agreed facts disclose irreparable injury to the plaintiff in the loss of revenue derived from patronage diverted by the defendant through his illegal conduct in operating buses without the licenses required by law.

The plaintiff may maintain its suit for an injunction. It has a franchise right to transport passengers between the points named. That right carries with it heavy obligations to the public. Although that franchise right is not exclusive against other grants authorized by the Legislature, it is exclusive against one conducting competition, as is the defendant, without a franchise or license and contrary to law. This principle is recognized and discussed in *Proprietors of Charles River Bridge* v. *Proprietors of Warren Bridge*, 6 Pick. 376, 397–399. It is upheld by the great weight of authority. *Puget Sound Traction, Light & Power Co.* v. *Grassmeyer*, 102 Wash. 482. *Memphis Street Railway* v. *Rapid Transit Co.* 133 Tenn. 99; *S. C.* 138 Tenn. 594. *Brooklyn City Railroad* v. *Whalen*, 191 App. Div. (N.Y.) 737, affirmed in 229 N. Y. 570. *Holzbauer* v. *Ritter*, 184 Wis. 35. *Houlton* v. *Titcomb*, 102 Maine, 272. *Smith* v. *Harkins*, 3 Ired. Eq. 613, 619. *Farmers' & Merchants' Co-operative Telephone Co.* v. *Boswell Telephone Co.* 187 Ind. 371. *Millville Gas Light Co.* v. *Vineland Light & Power Co.* 2 Buch. 305, 307. *Bartlesville Electric Light & Power Co.* v. *Bartlesville Interurban Railway*, 26 Okla. 453. *Citizens Electric Illuminating Co.* v. *Lackawanna & Wyoming Valley Power Co.* 255 Penn. St. 145. *Lincoln Traction Co.* v. *Omaha, Lincoln & Beatrice Railway*, 108 Neb. 154, 160. *McInnis* v. *Pace*, 78 Miss. 550. *Tug-*

*well & Madison* v. *Eagle Pass Ferry Co.* 74 Texas, 480, 493. *Twin Village Water Co.* v. *Damariscotta Gas Light Co.* 98 Maine, 325.

The operation by the defendant of the buses on the highway contrary to the precise prohibition of G. L. c. 159, § 45, renders the vehicles outlaws and constitutes a nuisance. *Boston & Lowell Railroad* v. *Salem & Lowell Railroad,* 2 Gray, 1. *Dudley* v. *Northampton Street Railway,* 202 Mass. 443, 447. *Gondek* v. *Cudahy Packing Co.* 233 Mass. 105, 110. *Brown* v. *Alter,* 251 Mass. 223. It is a general principle of equity that one who suffers private, special and peculiar injury, as distinguished from the public wrong, through the maintenance of a public nuisance, is entitled to injunctive relief. *Rowe* v. *Granite Bridge Corp.* 21 Pick. 344, 347. *Harvard College* v. *Stearns,* 15 Gray, 1, 5. See *Putnam* v. *Boston & Providence Railroad,* 182 Mass. 351, 354, *F. F. Woodward Co.* v. *Fitchburg,* 236 Mass. 364, 369.

The remedy afforded by G. L. c. 159, § 40, enabling the department of public utilities through the Attorney General to invoke relief by mandamus or injunction, is for the benefit of the public. It does not prevent private remedy where the nature of the wrong is such as to warrant that course.

All these considerations lead us, without putting particular emphasis upon one above another or differentiating between their legal force, to the conclusion that the plaintiff is entitled to relief.

*Interlocutory and final decrees affirmed with costs.*